## State *versus* Roberts & al.

To defraud a person of his money, goods or estate ; *or* to cheat and defraud him of his money, goods or estate ; *or* wrongfully and wickedly to obtain his money and other property designedly and with intent to defraud ; is not necessarily a crime subjecting the perpetrator to punishment.

An indictment, therefore, charging a conspiracy to commit either of those acts, without *particularizing* the object to be accomplished or the means to be used, is unsustainable.

State *v.* Roberts.

In an indictment for such a conspiracy, a charge that it was to be accomplished by "false pretences," is not sufficiently descriptive of the means to be used.

ON EXCEPTIONS from the *District Court,* HATHAWAY, J. INDICTMENT for a conspiracy.

After verdict against the defendant Roberts, he moved in arrest of judgment for insufficiency of the indictment. The motion was overruled, and exceptions were taken.

TENNEY, J. — This indictment consists of three counts. The first charges a conspiracy of the defendants, with the intent one James Hawes wrongfully and wickedly to injure and defraud of his money, goods and chattels and estate. The second is for a conspiracy the said James Hawes to injure, cheat and defraud of his moneys, goods and chattels. The third alleges a conspiracy of the defendants, wrongfully and wickedly to obtain from James Hawes his money, goods and other property, designedly and by false pretences, and with intent to defraud.

The indictment contains no count or charge against the defendants under the 4th § of c. 161 of the Revised Statutes, inasmuch as there is no allegation that the fraud or cheating was a "gross fraud or cheat."

It is not necessarily in law, a crime, which subjects the perpetrator to punishment, to defraud one of his money, goods, chattels or estate, nor to cheat and defraud one of the same; nor wrongfully and wickedly obtain his money and other property, designedly and with intent to defraud. *Commonwealth* v. *Eastman & als.* 1 Cush. 189; *State* v. *Hewett & al.* 31 Maine, 396. The two first counts are silent as to the means by which the defendants designed to effect their purposes in the conspiracy charged. Consequently, there is in them no allegation of any object, which is in itself criminal, nor of any means, of a criminal character, designed to be used in promotion of the object intended.

The third count goes farther than the others. Is that a sufficient basis for a judgment? It is a conspiracy for two or more persons, with the fraudulent and malicious intent, wrong-

fully and wickedly to commit any crime, punishable by imprisonment in the state prison. R. S. c. 161, § 11. And if a person designedly and by any false pretences, shall obtain from another any money, goods or any property, he shall be punished by imprisonment in the state prison, or by a fine and imprisonment in the county gaol. § 1.

The purpose, which was the object of the conspiracy, as alleged in the third count, not being criminal in itself, if there is any offence charged, it must consist in the means designed to be employed. These must be specifically stated. *State* v. *Ripley & als.* 31 Maine, 386. In this count the means are described only as being "false pretences." By this the accused could not be sufficiently informed of the acts, against which they were called to answer. The description of the means are too general, and not in accordance with the established rules of criminal pleading.

<em>Exceptions sustained.        Judgment arrested.</em>

*Knowles*, for the defendants.

*Waterhouse*, County Att'y, for the State.