## THE PEOPLE, RESPONDENTS, v. B. M. DU RELL & CO., APPELLANTS.

ERRORS APPARENT FROM THE RECORD.—The party appealing brings his whole case before the appellate tribunal, and the whole record is there for review, and he may challenge any part of it as erroneous.

WAIVER OF RIGHTS IN CRIMINAL CASES.—In a criminal case, a party does not waive his rights by not insisting upon them, and if the court had no jurisdiction by law to try the case, it is not cured by the party failing to claim his right to be dismissed.

JURISDICTION OF PROBATE COURTS.—The probate courts of this territory have not jurisdiction of cases for the punishment of offenders under the license laws.

JURISDICTION OF DISTRICT COURTS, HOW ACQUIRED IN CRIMINAL CASES.—The district courts can acquire jurisdiction of cases for the punishment of violations of license laws in two ways only: First, by the regular intervention of a grand jury; and, second, by appeal from justices' courts.

APPEAL from the third judicial district, Ada county.

*Curtis & George*, for the appellants.

*A. Heed*, district attorney, for the People.

McBRIDE, C. J., delivered the opinion of the court, SMITH, J., concurring.

The defendants, B. M. Du Rell & Co., are merchants in business, in the territory of Idaho, and as such are required by law to have a license before transacting business. For an alleged failure to comply with the statute, requiring them to have a license, they were prosecuted under a warrant issued by the probate judge of the county of Ada and territory of Idaho. Upon a trial had before the probate judge, the defendants were found guilty of the charge of selling goods without license, and sentenced to pay a fine of fifty dollars and costs. From this judgment and sentence, the defendants appealed to the district court, and upon a trial of the case therein, the defendants were again found guilty, and the judgement and sentence of the court below were affirmed. From the proceedings in the district court, the defendants appeal to this court, and for ground of reversal of the judgment below, allege:

1. That the probate court had no jurisdiction to try and

punish offenses in this territory, and that its action in taking jurisdiction in this cause was without authority, and therefore erroneous.

2. That as the probate court had no jurisdiction of the case, the district court could not acquire jurisdiction by an appeal therefrom, and that consequently a judgment rendered in affirmance of the action of the probate court is erroneous.

3. That this is a criminal proceeding, and the offense charged is against B. M. Du Rell & Co., whereas it should be against some individual, to be maintainable.

On the other hand, the respondents contend that whether the probate court can have and exercise the jurisdiction to try and punish this class of offenses or not, this court can only review the errors of the district court; that the district court had an unquestioned jurisdiction of this class of cases; that defendants themselves appealed to that court and took no exceptions to its acquiring jurisdiction in the manner of an appeal, and can not now object that the mode by which it obtained cognizance of the case was irregular, and that as no exception to the jurisdiction was taken in the court below, the defendants can not urge in this court an exception which they waived in the inferior court.

The case involves questions of considerable importance, and we have given it as thorough examination as our time and facilities would allow.

As to what errors of the court below we will review we have to say, that while the position of the counsel for the people, that no objection can be brought forward to the jurisdiction in this court, after the party has submitted to the jurisdiction without exception in the court below, is very plausible, yet we think the question is fully settled by the statute. The party appealing brings his whole case before the appellate tribunal, and the whole record is there for review and he may challenge any part of it as erroneous. Section 471, Statutes of Idaho, p. 297, is as follows: "Upon the appeal any decision of the court in an intermediate order or proceeding, forming a part of the record, may be reviewed."

We are clearly of opinion that if the record in this case is found to contain error in law, it would be the duty of this court to notice it, though the appellants may not have assigned the same. We proceed, therefore, to the review of that record.

The first question is, whether the district court had any rightful jurisdiction of the case.

There is no doubt that the district court has power to try and punish offenses of the class which is prosecuted in this case, and it can acquire jurisdiction of such cases in two ways, one by the regular intervention of a grand jury and the indictment of the offender, and the other by an appeal from the justice of the peace, who is specially authorized to proceed on complaint and arrest of defendant, to try and punish him. (See Statutes of Idaho, sec. 150, concerning crimes and punishments, p. 474.)

Both the district and justices' courts have original jurisdiction of the offense charged in this case, and the district court has, in addition, an appellate jurisdiction from justices' courts, and these two are the only courts of this territory that are by law invested with any power to try and punish offenses against the laws.

On a review of the record in this case we find that it was a proceeding having its origin in the probate court of Ada county; that all the original proceedings were in such court, and that the case came through that court into the district court, whence it was appealed to this forum. We think the district court erred in entertaining the appeal. In a criminal case, a party does not waive his rights by not insisting upon them, and if the court had no jurisdiction by law to try the case, it is not cured by the party failing to claim his right to be dismissed.

The case stands in the same condition as if it had been originally begun and tried before a private individual. The laws of the territory invest no man or court with authority over these offenses except justices of the peace and the district court, and the probate court was acting in neither capacity. It is true that he may act as a magistrate, but that

is only for the commitment of offenders and not for their punishment, and in such case his is not a probate court, but is a magistrate's court, and should be so designated. As such he is also by law invested with the powers of a justice of the peace. If the validity of this law can be supported at all, it is not on the principle that he can be invested with a justice's jurisdiction as a probate judge, but that the legislature of the territory may provide for a justice of the peace, and constitute the person selected to fill the office of judge of probate as such an officer; and while he is in discharge of the duties appertaining to such, he is not acting as probate judge of the county for which he was chosen, but he is a justice of the peace, acting in the same character and performing the same duties as any other justice of the peace.

To support any judgment rendered by him as a justice of the peace, the record should show that he was acting in that character, and not as a probate judge, as in this case. It might as well be insisted that he could, in his capacity as a justice of the peace, grant letters of administration and appoint and remove guardians because the fact might be that he had authority to do these acts as probate judge, as that he could transact business which is exclusively that of a justice in a probate court.

It is not contended by the counsel for the plaintiffs that the defendant could have been punished by the probate court as such, or that such court has any jurisdiction to try criminal actions, and as we have decided that the whole record in the case is before us, that the court from which the original process issued had no jurisdiction, and that the district court could only obtain cognizance and jurisdiction in two modes, and that this case came into the district court by neither of those modes, it follows that, in our opinion, the action therein was erroneous and must be reversed.

There are some other questions upon the record which have been argued by counsel, but as a decision of them is not necessary to dispose of this case, we decline passing upon them at this time.

Judgment and sentence of the court below reversed.

This case will be remanded to the district court, with an order to dismiss the case, taxing the costs incurred in the appeal against the appellee.

KELLY, J., having acted as counsel in the court below, did not sit on the hearing of this case.