Gantt, J.
This is an application for a mandamus to require the defendant to remove his office as justice of the peace to, and exercise the functions thereof in, the sixth ward or precinct of the city of Omaha, a municipal corporation organized and incorporated under the legislative act relating to cities of the first class. There are six wards or precincts, established within the limits of the corporate boundaries. The relator is a resident of the sixth precinct; he is an attorney at law, and is engaged in the practice of his profession in said city. At the general election of the year 1875, the defendant was elected to *414 the office of justice of the j>eace in and for said sixth precinct for the term of two years; he duly qualified, and entered upon the discharge of his official duties, but it is said that notwithstanding it is his duty to hold his office in said sixth ward or precinct, yet, disregarding his duty in this regard and contrary to the law of this state, at or about the time of his election, he removed his office into the fourth precinct of said city, and has ever since and still holds the same, and exercises all the functions thereof, in said fourth precinct of said city.
The question presented for consideration is, can a justice of the peace hold his office and exercise the functions thereof outside of the precinct in and for which he was elected and qualified? It is not a question as to the jurisdiction of a justice of the peace, but one in regard to the situs of his office, or his duty in respect to the place where he shall hold his office and exercise its functions. Under the general election law of February 27, 1873, and sections 904 and 905 of the civil code, it seems clear that j ustices of the peace are precinct officers, and must hold tlieir offices in the precincts for which they are elected. But it is contended that under the act of February 25, 1875, the defendant may lawfully hold his court in any part of the city, without regard to the precinct in which he resides. This act provides that “ in all cities and towns having within their corporate limits two or more precincts, or any portion thereof, it shall be lawful for any justice of the peace to hold his court in any part of said city or town, without regard to the precinct in which he resides.” This act is special legislation; it applies to only a few of a certain class of officers. Is such special legislation repugnant to the constitution ? 8eo. 19, Art. VI. of the constitution, provides that “all laws relating to courts shall be general and of uniform operation/” and by See. 5, Art. 111., the legislature are inhibited from passing “local or special laws,” in anum *415 ber of cases enumerated, among which is that of “ Regulating the jurisdiction and duties of justices of the peace, police magistrates, and constables.” It is the duty of a justice of the peace to have a place in which to exercise the functions of his office, known to the public.
Now, the act of February 25, is special legislation in regard to the duty of justices of the peace, in applying only to those in cities and towns, and, again, it is not general and uniform in its operation, and therefore, is clearly inconsistent with both these provisions of the constitution; and, hence, upon the adoption of the constitution, this special act ceased to have any force or effect.
Again, under Section 18, Art. YI, “Justices of the peace * * shall be elected i/n and for such district,” as may be provided by law; and by Section 20 of the same article, “all officers provided for in this article shall hold their offices until their successors shall be qualified, and shall respectively reside in the district, county or precinct for which they shall be elected or appointed.” There can be no doubt as to the construction of these provisions, when viewed in connection with those cited above. It was clearly the intention of the framers of the constitution, that justices of the peace should hold, and exercise the functions of their offices, in the precinct in and for which they are elected.
It is, however, objected that the relator has not shown any such special interest in himself which entitles him to maintain the action. The relator asks not the enforcement of a private, but a public duty — that the defendant shall discharge the duties of his office in the precinct for which he was elected, and the relator has a general interest in this matter. High on Extraordinary Remedies, § 341, lays down the rule as follows: “Where the question is one of public right, and the object of the mandamus is *416 to procure tlie enforcement of a public duty, tlie people are regarded as tlie real party, and the relator, at whose instigation the proceedings are instituted, need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen, and as such interested in the execution of the laws.” Hall v. The People, ex rel., 57 Ill., 313. State, ex rel., v. Judge, 7 Iowa, 202. Hamilton v. State, 3 Ind., 458. The People v. Halsey, 37 N. Y., 348. The peremptory mandamus is allowed.
Writ awarded.