Jones v. Church of the Holy Trinity.

---

TAYLOR JONES, PLAINTIFF IN ERROR, v. THE CHURCH OF THE HOLY TRINITY, DEFENDANT IN ERROR.

1. **Justice of the Peace:** JURISDICTION. While the law requires a justice of the peace to exercise the functions of his office in the precinct for which he is elected or appointed, yet having jurisdiction co-extensive with the limits of the county, a judgment rendered by him in any other precinct thereof, is not void on that account.

2. **Mechanic's Lien**: GARNISHMENT: PRIORITY. The right of a material man under the mechanic's lien law to money going to a contractor is superior to that of an ordinary creditor under proceedings in garnishment.

ERROR to the district court of Lancaster county, POUND, J., presiding.

*S. J. Tuttle*, for plaintiff in error.

Payment to Hoagland Brothers was wrongful, because they had no claim under the mechanic's lien law. The money was owing to plaintiff alone. In no event could they lay claim under the law in question to any lien on defendant's in error property, or upon funds in its hands owing the plaintiff in error, certainly not upon so much of said funds as has been ordered paid over by precedent authority. *Copeland v. Manton*, 22 Ohio State, 398. *M'Cullom v. Richardson*, 2 Handy, 275. On question of validity of justice's judgment cited: *Phillips v. Thralls*, 26 Kan., 780. Freeman on Judgments, 119. *Case v. State*, 5 Ind., 1. *State v. Alling*, 12 Ohio, 16. *Blackburn v. State*, 3 Head, 690. *Pepin v. Lachenmeyer*, 45 N. Y., 27.

*J. S. Hoagland* and *M. H. Sessions*, for defendant in error, on validity of judgment, cited: *State v. Shropshire*, 4 Neb., 411. *Foster v. M'Adams*, 9 Tex., 542. *The People v. Evans*, 18 Ill., 361. *Homes v. Fihlenburg*, 54 Ill., 203. *Durfee v. Grinell*, 69 Ill., 371. *Keutzler v. R. R. Co.*, 47 Wis., 641. *Bigelow v. Stearns*, 19 Johns., 39. *Reynolds v. Orvis*, 7 Cow., 269.

LAKE, CH. J.

The errors complained of are predicated on the conclusions of law found by a referee to whom the case in the court below was sent for trial, and whose report was confirmed.

The facts found by the referee were not excepted to. These, in so far as they bear on the questions presented for our decision, are, substantially:

1st. That on the 17th of May, 1880, the plaintiff made a contract with the defendant to furnish the materials and do the work in the enlargement of its church building in Lincoln, which he did by himself and sub-contractors, of whom J. Searing was one.

2d. That the defendant, on the completion of the work, settled with the plaintiff and paid him in full therefor with the exception of the sum of $46.17, which is here in controversy.

3d. That in the performance of said contract the subcontractor, Searing, procured from the firm of Hoagland Brothers certain materials, amounting in value to the abovementioned sum.

4th. That on the 10th of August, 1880, at about the hour of noon, Hoagland Brothers served on the defendant a copy of their account for the materials so furnished to Searing, together with a written notice that they claimed a lien for its payment on said building. They also at the same time gave a similar notice to the plaintiff.

5th. That on the 9th of August, 1880, the firm of Doolittle, Gordon & Co., recovered a judgment before A. C. Platt, a justice of the peace, against said Searing for the sum of twenty-seven dollars and costs. That afterwards such proceedings were had under said judgment that the plaintiff, as garnishee, was ordered to pay the amount thereof, on his admission that he was then owing Searing fifty dollars on account of his work as such sub-contractor. This order was made a few hours before Hoagland Brothers served their notice of lien on the defendant.

6th. That the justice of the peace who rendered the judgment in favor of Doolittle, Gordon & Co., and who made the order in garnishment, acted in these matters outside of the precinct in which he was appointed to hold his office, although within the county of his jurisdiction.

7th.   That the defendant had, in pursuance of the de-, mand of Hoagland Brothers, paid over to them the full amount of their account, which had been retained in the settlement with the plaintiff.

Under these facts the referee found as his conclusions of law, 1st, that the justice of the peace, having acted in Midland precinct, whereas he was an officer of Capitol precinct, his judgment and order in question were void. 2nd, that the defendant was authorized to pay the account of Hoagland Brothers, and charge the plaintiff therewith. 3d, that the defendant should have judgment in its favor.

As to the first conclusion of law, we think the referee and court below were in error.   The justice of the peace, although appointed for Capitol precinct, where he ought to have held his office, had jurisdiction co-extensive with the limits of Lancaster county, which necessarily covered Midland precinct, and but for the policy of the law respecting the convenience of suitors, witnesses, and others having business with him, could doubtless perform his official duties anywhere therein.   The holding of his office or place of business within the particular precinct for which the justice is elected or appointed, so long as he keeps within the county, is not a matter respecting his jurisdiction, but one of policy and convenience merely, which those interested therein may disregard.   If the jurisdiction of a justice of the peace were confined to the particular precinct for which he is elected, it would doubtless be otherwise.

In the case of *State, ex. rel. Ferguson, v. Shropshire,* 4 Neb., 411, where this court required the defendant, who was a justice of the peace, to remove his office to the ward in the city of Omaha in which he was elected, it is said that "It is not a question as to the jurisdiction of a justice of the peace, but one in regard to the *situs* of his office, or his duty in respect to the place where he shall hold his office and exercise its functions."

The constitution of this state, Art. VI., § 20, requires

justices of the peace to reside in the particular "precinct for which they are elected or appoiɩ.tɔd." And inasmuch as this officer, as is customary, must have some known place in which to exercise the functions of his office, it is doubtless within the purview of the law that it shall be in the precinct where he is required to reside, although his jurisdiction may, as it does, extend greatly beyond it. But, although such is the policy of the law, yet if a justice of the peace, regardless of his duty in this respect, fix his place of business in another precinct of the county, and it is acquiesced in, we have no doubt whatever that his judgments rendered there stand on the same footing, and are equally as valid as if they had been rendered in his own precinct.

But as to the second and third conclusions of law, we think the referee was properly sustained. That the account of Hoagland Brothers against Searing was just, and that the materials therein mentioned were furnished for said building, were conceded. The only objection urged to its payment by the defendant on the plaintiff's account is, that it was not attested as the law required to make it a perfected lien on the building. This, however, under the circumstances of this case, is of no consequence. It is a requirement which the defendant was at liberty to waive, and which the plaintiff could not insist upon it being complied with. If there had been any dispute as to the amount due on the account—if the defendant had retained and paid over to Hoagland Brothers more than was actually due them from Searing for materials furnished for the work in question there would have been force in the objection.

We have not the evidence on which the referee made his findings of fact, but inasmuch as they are conceded to be correct, a further reference to them is unnecessary, and this payment should be sustained as a valid charge against the plaintiff. The referee in his report says: "That plaintiff

consented that defendant should retain the said $46.17 from the moneys due to him, and that to said sum he made no claim for himself except that the money should go either to Doolittle, Gordon & Co. or to Hoagland Brothers, the one whose legal right thereto was strongest." Clearly the right of Hoagland Brothers was the stronger, for theirs antedated that of Doolittle, Gordon & Co. by some days. The materials in question were furnished at various times between June 20th and August 8th, and were a lien on the money going to the plaintiff for his work from the time they were obtained, while the lien under the garnishment attached, as before shown, on the 9th of August, 1880.

Notwithstanding the error respecting the jurisdiction of the justice of the peace, the judgment on the merits of the case being conformable to our views of the law, must be affirmed.

JUDGMENT AFFIRMED.

ALL the judges concurred.    Motion for rehearing of the cause was overruled.