TERRITORY, respondent, *v.* CARLAND, appellant.

CRIMINAL LAW — *Conspiracy to cheat county* — *Indictment.* — An indictment, under section 187, division 3, of the Revised Statutes, for a conspiracy to cheat and defraud a county, must allege the means by which the conspiracy was to be accomplished. An allegation that the defendants conspired "to cheat and defraud" is not sufficient.

PRACTICE — *Insufficiency of indictment* — *Objection how raised.* — An objection that an indictment does not state facts sufficient to constitute a public offense cannot be raised in the supreme court for the first time. It must be taken advantage of on the trial, or on motion to arrest judgment. If such motion be made, but not insisted upon by the defendant, or acted upon by the court, it will be deemed to have been waived.

*Appeal from First District, Custer County.*

THE opinion states the facts.

E. W. & J. K. TOOLE and WILLIAM WALLACE, Jr., for the appellant.

WILLIAM H. HUNT, Attorney-General, for the respondent.

GALBRAITH, J. The appellant was indicted with two other persons for the statutory misdemeanor of conspiring

together to cheat and defraud the county of Custer. He was tried separately and convicted. The only question which the argument of the appellant presents for our consideration relates to the sufficiency of the indictment. The indictment was as follows, viz.: "The grand jurors . . . do find and present that Harry H. Gerrish, Charles G. Cox and Willis W. Carland, on the 15th day of January. A. D. 1883, at the county of Custer, in the territory of Montana, being evil-disposed and dishonest persons, and wickedly designing, contriving, and intending, knowingly, corruptly, and unlawfully to cheat and defraud the county of Custer of the moneys of the said county of Custer, on the 15th day of January, A. D. 1883, at the county of Custer, and within the jurisdiction of this court, did wickedly, falsely, fraudulently, and unlawfully conspire, combine, confederate, and agree together to cheat and defraud said county of Custer of the moneys, to wit, the sum of one thousand seven hundred dollars, of the means of said county of Custer, and then and there did cheat and defraud the said county of Custer thereof, to the great damage of the said county of Custer, and to the evil example of all others in like cases offending, against the peace and dignity of the territory of Montana, and contrary to the form of the statute of said territory in such case made and provided."

The statute under which this indictment was drawn reads, in so far as it relates to the particular offense charged, as follows: "If two or more persons shall conspire . . . . to cheat or defraud any person of any property by any means, which, if executed, would amount to a cheat, . . . or to cheat or defraud any person of any property by any means which are in themselves criminal, they shall be guilty of a misdemeanor; provided that it shall not be necessary, to procure conviction under this section, to prove any overt act done in pursuance of such conspiracy." This statute sets forth, in the disjunctive, two different classes of acts or conditions, which may constitute the offense of conspiring to cheat and defraud any person of any property. The

same section of the statute makes, also, the conspiring to do other acts, stating them disjunctively, to be public offenses. As for example: "If 'two or more persons conspire, either to commit an offense or falsely and maliciously to indict another for any offense." These so stated in the disjunctive, amount to separate and distinct offenses. An indictment which contained two or more of these offenses would be bad for uncertainty. It would be objectionable under the statute. "The indictment shall charge but one offense." R. S. 3d div. sec. 188.

The statute does not make, simply to cheat or defraud, criminal; but to cheat or defraud in a certain way, or by certain means, viz.: "By any means, which, if executed, would amount to a cheat," or "by any means which are in themselves criminal."

To cheat or defraud are not of themselves criminal acts. Neither is the conspiracy to cheat and defraud, of itself criminal. In order to render conspiracy to be of itself a criminal or public offense, it must be a conspiracy to accomplish some unlawful purpose, or to accomplish an object, not unlawful in itself, by unlawful means. *State* v. *Keach et al.* 40 Vt. 113; *State* v. *Roberts*, 34 Me. 320.

This indictment simply alleges a conspiracy "to cheat and defraud," without setting forth the means mentioned in the statute. There is nothing in this indictment to indicate of which of these two offenses the appellant is charged. He was not thereby apprised of the real nature of the offense. We think that it was necessary to allege the means by which the conspiracy was to be accomplished, in order to notify the appellant which of these two offenses was charged against him; and also to enable the court to determine whether or not the facts composing the alleged conspiracy constituted a public offense. The failure to allege these means, in our opinion, also renders the indictment liable to the objection that it does not state the offense with sufficient certainty and precision to enable the defendant to prepare his defense thereto. Nor is the statement of

facts as to these qualities sufficient to enable the defendant, if acquitted or convicted, to plead and establish such fact by the record in this case as a defense to a subsequent indictment for the same offense. The overt acts mentioned in the proviso do not refer in any manner to the means by which the conspiracy to cheat and defraud are to be accomplished, but to acts done after the conspiracy is formed and in pursuance thereof. It refers to acts done after the offense is complete, and which may be in aggravation thereof. *State* v. *Keach, supra.* This proviso is simply affirmative of the common law as to overt acts in such cases. There is no necessity to allege the overt act done in pursuance of the conspiracy, when the statute, as in this case, expressly does away with the necessity for its proof. 1 Bishop, Crim. L. sec. 192, and cases cited in note.

In the case of *Territory* v. *Patsey Burns*, determined at this term of the court, 6 Mont. page 72, we said: "It is a rule of pleading in criminal law, that the indictment should set forth all that is necessary to constitute a complete description of the offense charged. This is especially true of statutory offenses, which is the character of the misdemeanor alleged in the above indictment. The indictment in such case should state all the ingredients of which the offense charged is constituted, as contained in the statute which declares and defines such offense. When that is done, the prosecution has set forth a *prima facie* case, which is that all the law requires."

This indictment does not comply with our views as above expressed. The means by which the conspiracy is to be accomplished, amounting in the one case, if executed, to a cheat; and in the other, those which are in themselves criminal, form a part of the definition of the offense. They are respectively the constituents or ingredients of each of these particular offenses. We think that the omission to state these in the indictment deprived the appellant of his constitutional right to be informed of the nature and cause of the accusation. Const. U. S. amend. 6.

In *United States* v. *Mills*, 7 Pet. 142, this was construed to mean that the indictment must set forth the offense with clearness and all necessary certainty to apprise the accused of the crime with which he stands charged. *United States* v. *Cruikshank*, 92 U. S. 542.

The execution of the conspiracy, viz., that the appellant " did cheat and defraud the said county of Custer thereof," need not have been alleged. The indictment, if it had contained a complete description of the offense as above set forth, would have been good without this allegation. The indictment was insufficient.

The above has been said to indicate our view of what indictments in such cases should set forth. For, notwithstanding the fact that this indictment was.bad, nevertheless this conviction must be allowed to stand.

Our criminal laws provide as follows: " A defendant who has failed to demur to an indictment for any of the defects appearing upon its face shall be deemed to have waived the same, except the defects that the court has no jurisdiction over the same, or that the indictment does not state facts sufficient to constitute an offense; these he may take advantage of on the trial, or on motion to arrest judgment."

In this case there was a motion in arrest of judgment. It does not, however, appear that this motion was ever acted upon by the court. The appellant did not, therefore, insist upon his motion, and will be deemed to have waived it. The statute having provided the method of procedure to take advantage of such a defect, that method must be pursued. The objection that the facts stated in the indictment do not constitute a public offense cannot be presented in this court for the first time.

*The judgment is affirmed.*