## STATE, RESPONDENT, *v.* MALISH, APPELLANT.

[Submitted March 12, 1895. Decided March 18, 1895.]

CRIMINAL LAW— *Waiver of defects in indictment.*—Section 217 of the Criminal Practice Act provides, in substance, that a defendant, by failing to demur to an indictment, will be deemed to have waived all defects therein, except that the court has no jurisdiction over the offense, or that the indictment does not state facts sufficient to constitute an offense, and these he may take advantage of on the trial, or on motion to arrest judgment. *Held,* That the statute having provided the mode of procedure to take advantage of such defect, that method must be pursued, and the objection that the facts stated do not constitute a public offense cannot be presented for the first time on appeal. Appeals are a matter of statutory regulation. (*Territory* v. *Carland,* 6 Mont. 18; *Territory* v. *Hanna,* 5 Mont. 247; *State* v. *Gibbs,* 10 Mont. 210; *State* v. *Northrup,* 13 Mont. 534.)

SAME—*Conviction for forgery—Verdict.*—To utter a forged check is one of the methods of committing forgery under section 96, division 4, of the Compiled Statutes, and, where the jury find the defendant guilty of uttering a forged check, in manner and form as charged in the information, it is sufficient to sustain a conviction for forgery. (*State* v. *Hudson,* 13 Mont 112, distinguished.)

*Appeal from the Ninth Judicial District, Gallatin County:*

CONVICTION for forgery. Defendant was tried before ARMSTRONG, J. Affirmed.

Statement of the case by the justice delivering the opinion:

This is an appeal by the defendant from a judgment sentencing him to a term of fifteen months in the penitentiary. The record on appeal contains simply the information, the verdict, and the judgment. There was no demurrer to the information, or motion to quash the same. There was no motion for new trial and no motion in arrest of judgment.

*Sutton & Thresher,* for Appellant.

There is no allegation in the information as to whether the uttered check purported to be the act or check of an individual, copartnership, or a corporation, failing in which the information is insufficient. (*Labbaite* v. *State,* 6 Tex. 257.) The check in the case at bar, we know, must be executed by an agent if genuine, and that agent failing to disclose that fact, the check is a nullity and void on its face. (*Wood* v. *Goodridge,* 6 Cush. 117; *Butterfield* v. *Beal,* 3 Ind. 203.) "Void things are as no things and cannot be made the subject of

forgery." (*People* v. *Shall*, 9 Cow. 778; *People* v. *Tomlinson*, 35 Cal. 503; *Raymond* v. *People*, 30 Pac. Rep. 509; *Reed* v. *State*, 38 Ind. 396; *Waterman* v. *People*, 67 Ill. 91; *Abbot* v. *State*, 59 Ind. 70; *Brown* v. *People*, 86 Ill. 239; *Anderson* v. *State*, 20 Tex. 598; *Commonwealth* v. *Mulholland*, 12 Phila. 608; *Howell* v. *State*, 37 Tex. App. 591; *People* v. *Harrison*, 8 Barb. 536; *People* v. *Farrington*, 14 Johns. 348; *State* v. *Biggs*, 34 Vt. 501; *Commonwealth* v. *Hinds*, 101 Mass. 201; *People* v. *Monroe*, 33 Pac. Rep. 777; *State* v. *Wheeler*, 19 Minn. 98.) Section 96, division 4, of the Compiled Statutes, in defining the crime of forgery, makes uttering a forged instrument one of the constituent parts of forgery only. Then the appellant in the case at bar has been guilty of one element of forgery, and not of the crime of forgery. The verdict is, therefore, insufficient to support any judgment, in that it fails to find the appellant guilty of any crime known to the statute. (*Couch* v. *State*, 28 Ga. 367; *Cocke* v. *Commonwealth*, 13 Gratt. 750; *State* v. *White*, 41 Iowa, 316; *Manigault* v. *State*, 53 Ga. 113; *Allen* v. *State*, 52 Ala. 391; *Wright* v. *People*, 33 Mich. 300; *Gibbs* v. *State*, 34 Tex. 134; *Stephens* v. *State*, 56 Ga. 604; *Dyer* v. *Commonwealth*, 40 Mass. 402; *Commonwealth* v. *Adams*, 127 Mass. 15.)

*H. J. Haskell, attorney general, W. L. Holloway,* and *Ella L. Knowles,* for the state.

Whether the signature to the forged instrument is the signature of a copartnership, individual, or corporation is a matter of evidence and not of pleading. (*People* v. *Stearns*, 23 Wend. 634; and see Wharton's American Criminal Law, 3d ed., 591; *State* v. *Van Hart*, 2 Harr. (Del.) 327; *Murry's case*, 5 Leigh, 720; *State* v. *Ward*, 2 Hawks, 443.) It was not necessary that the indorsement on the check be in evidence, or that the check be indorsed at all. The crime was complete as soon as the check was tendered, even though it be refused, as it was in this case. "To utter a thing is to offer it, whether it be taken or not." (*People* v. *Caton*, 25 Mich. 392; 3 Rice on Evidence, § 490.) The crime of forgery is one felony (2 Russell on Crimes, 295); uttering is another or distinct felony. (3 Rice on Evidence, § 490.) The punishment for

the two is the same, but the offenses are distinct, and the proof necessarily different. As to the offense of uttering and publishing a forged instrument the following additional authorities are submitted: *State* v. *Sherwood,* 58 N. W. Rep. 911; *People* v. *Baker,* 100 Cal. 188; *Commonwealth* v. *Houghton,* 8 Mass. 107; *Brown* v. *Commonwealth,* 8 Mass. 59; *State* v. *Burgson,* 53 Iowa, 318; *State* v. *Snow,* 30 La. Ann., pt. 1, p. 401; *People* v. *Rathbun,* 21 Wend. 509; *People* v. *Ah Woo,* 38 Cal. 205; *State* v. *Wilkins,* 17 Vt. 151; *State* v̇. *Redstrake,* 39 N. J. L. 365; *Poage* v. *State,* 3 Ohio St. 229; *State* v. *Homor,* 48 Mo. 520; *Ex parte Finley,* 66 Cal. 262; *Strong* v. *State,* 32 Tex. Cr. Rep. 319; *State* v. *Bearly,* 84 Iowa, 84. It is forgery to sign a dead person's name to an instrument with intent to defraud (*Brewer* v. *State,* 22 S. W. Rep. 41; *Reddish* v. *State,* 31 Tex. Cr. Rep. 587; *Lascelles* v. *State,* 90 Ga. 347); and altering a note barred by the statute of limitations is a forgery. (*State* v. *Dunn,* 23 Or. 562.) As to sufficiency of information, see *State* v. *Minton,* 22 S. W. Rep. 808; *Wilson* v. *State,* 70 Miss. 595; *State* v. *Kiernan,* 17 Nev. 224; *State* v. *Rowlen,* 21 S. W. Rep. 729.

DE WITT, J.—Upon this appeal defendant's counsel argue that the information does not state facts sufficient to constitute an offense. The defects, which he urges exist in the information, are such as appear upon the face thereof, if at all.

It was said in *Territory* v. *Carland,* 6 Mont. 18, as follows: "Our criminal law provides as follows: 'A defendant who has failed to demur to an indictment for any of the defects appearing upon its face shall be deemed to have waived the same, except the defects that the court has no jurisdiction over the same, or that the indictment does not state facts sufficient to constitute an offense; these he may take advantage of on the trial, or on motion to arrest judgment.' (Criminal Practice Act, § 207.) . . . . The statute having provided the method of procedure to take advantage of such a defect, that method must be pursued. The objection that the facts stated in the indictment do not constitute a public offense cannot be presented in this court for the first time."

That decision is decisive of the same point in this case.

The ruling in the Carland case, in upholding the statute cited, does not hold that a judgment will be sustained upon an information which does not state an offense; nor that such judgment will be sustained upon an information, where it appears that the court had no jurisdiction of the offense. The decision simply recognized that the statute provides, as it has a right to do, in what court these objections should be made, and that they must be first made in the district court rather than in the supreme court. Appeals are a matter of statutory regulation. (*Territory* v. *Hanna*, 5 Mont. 247; *State* v. *Gibbs*, 10 Mont. 210; *State* v. *Northrop*, 13 Mont. 534.)

The matter of the information, therefore, being out of consideration, the appellant still contends that the verdict does not sustain the judgment, because the verdict does not find the defendant guilty of any offense known to the law.

Without deciding whether, as a matter of practice, this verdict is before us for consideration (as the question is not raised), we think that the verdict does find an offense. The jury found the defendant guilty of uttering a forged check, in manner and form as charged in the information. To utter a forged check is one of the methods of committing forgery under our statute. (Criminal Practice Act, § 96.)

In California, under a similar statute, the supreme court said, in the case of *State* v. *Ah Woo*, 28 Cal. 206, as follows: "Nor is the objection that the defendant could not be found guilty of forgery, because the charge was for 'uttering and passing a forged instrument,' tenable. By the statute the uttering and passing, as well as the making, etc., of a forged instrument, is declared to be forgery." (See, also, *People* v. *Tomlinson*, 35 Cal. 503.)

As to the form of this verdict, we observe that Mr. Bishop says, in the first volume of his Criminal Procedure, section 1005 *a*, that: "The verdict, being 'the finding of lay people,' need not be framed under the strict rules of pleading, or after any technical form. Any words which convey the idea to the common understanding will be adequate, and all fair intendments will be made to support it."

We think that it may be said of this verdict as was remarked in the case of *State* v. *Ryan*, 13 Minn. 374: "As to the ver-

dict, its form is not to be approved; but there is no set form of words in which a verdict is required to be rendered, and, therefore, the only rational general rule that can be adopted by which to measure its sufficiency is, Does it show clearly, and without *any doubt*, the intention of the jury, and their finding on the issues presented to them? If it does it cannot be declared bad without sacrificing substance and justice to form. No error that is not a violation of some positive rule of law, or which may not possibly prejudice the defendant, can be a ground for reversal on appeal. I think the language of the verdict leaves no doubt as to its meaning, or as to the intention of the jury. Its informality does not tend to render it obscure or ambiguous, or to prejudice the rights of the defendant, and therefore does not affect the judgment."

We also note the following language by Dixon, C. J., in *Benedict* v. *State*, 14 Wis. 464: "The verdict is sufficient in form. It cannot be that the law is so excessively exact in such matters that it makes a particular word so indispensable that another equally expressive cannot be used in its stead. The word 'find' is more commonly used, but the word 'agree,' where employed with reference to the verdict of the jury, particularly in criminal cases, means precisely the same thing. Both signify that the jury, upon consideration of the evidence, have determined that the accused is guilty or not guilty of the crime charged." (See, also, other cases cited in Bishop on Criminal Procedure, quoted above, and also the recent case of *State* v. *Preston* (Idaho), 38 Pac. Rep. 694.)

We are of opinion that the verdict in the case at bar clearly expresses the finding of the jury that the defendant was guilty of forgery committed in one of the ways by which that offense may be committed under our statute, to wit, by uttering a forged check. (Criminal Practice Act, § 96.)

As the case of *State* v. *Hudson*, 13 Mont. 112, has been mentioned in the briefs in this case, it may be well to remark, in passing, that in that case the language of the information was not under consideration, nor the manner of charging a forgery committed by uttering, publishing, passing, etc. That case was decided wholly upon the question of jurisdiction.

We are of opinion that the judgment in the case at bar should be affirmed, and it is so ordered.

*Affirmed.*

HUNT, J., concurs.

[Submitted March 12, 1895.  Decided March 18, 1895.]