(November 22, 1895.)

## STATE v. HINCKLEY.

[42 Pac. 510.]

PLEADING—DEMURRER TO INFORMATION—MOTION IN ARREST OF JUDG-
MENT.—The objection that the information in a criminal case does not state facts sufficient to constitute a public offense, must be first made in the trial court, either by demurrer to the information or at the trial under a plea of not guilty, or after the trial by motion in arrest of judgment.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

G. G. Pickett and R. T. Morgan, for Appellant.

A party in a criminal case does not waive his rights by not insisting upon them. If the information or indictment does not state facts sufficient to constitute a public offense, the court had no jurisdiction. (*People v. Du Rell*, 1 Idaho, 44.)

George M. Parsons, Attorney General, for the State.

Section 7742 of the Penal Code specifies the grounds upon which a defendant may demur to an indictment. Subdivision 4 of that section reads: "That the facts stated do not constitute a public offense." Section 7750 provides: "When the objections declared grounds of demurrer by this chapter appear upon the face of the indictment, they can only be taken by de-

murrer, except that the objections to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial under a plea of not guilty, or after the trial in arrest of judgment." We maintain that the defendant, having withdrawn the demurrer, and having failed to move in arrest of judgment upon the grounds upon which he now relies, to wit: "That the facts stated do not constitute a public offense," has waived his rights under the law, and cannot, for the first time, raise the objection in this court. (*Territory v. Carland,* 6 Mont. 14-18, 9 Pac. 578; *State v. Malish,* 15 Mont. 506, 39 Pac. 739; *People v. D'Argencouer,* 95 N. Y. 624-630; *People v. Gatewood,* 20 Cal. 146-149; *State v. Crane,* 71 Mo. 551; *State v. Groom,* 10 Iowa, 308-312; *State v. Cuddy,* 40 Iowa, 419-20; *Commonwealth v. Hinds,* 101 Mass. 109, 210.)

HUSTON, J.—Defendant was charged, by information filed in the district court for Latah county, with the crime of forgery. To the information he interposed a demurrer, setting up several grounds, among others, "that the said information does not state facts sufficient to constitute an offense against this defendant, or at all." Subsequently the defendant withdrew his said demurrer, and entered his plea of guilty to the information. Thereafter, on September 6, 1895, judgment and sentence were pronounced against the defendant, from which judgment and sentence this appeal is taken.

It is contended by counsel for the appellant that, notwithstanding the withdrawal of his demurrer, and the entry of his plea of guilty, the defendant waived none of his rights, and that he is still entitled to raise in this court, upon appeal, for the first time, the question that the information filed against him did not state facts sufficient to constitute an offense. Counsel cite with a degree of confidence the case of *People v. Du Rell,* 1 Idaho, 44, in support of this contention. In that case Du Rell had been convicted before a probate judge, and sentenced to pay a fine for carrying on the business of a trader or merchant, without having first procured a license therefor, as required by statute. From the judgment of conviction by the probate court, Du Rell appealed to the district court, where, upon trial, the judg-

ment of the probate court was affirmed. An appeal was taken to the supreme court of the territory. The supreme court held that, under the statutes of Idaho territory, the probate courts had no criminal jurisdiction whatever; that the district court could only acquire jurisdiction of that class of cases by indictment; that an appeal from the probate court, which had no jurisdiction, could not give the district court jurisdiction of the subject matter. Hardly a parallel case with the one under consideration. There is no question of jurisdiction here. The only question raised by this record is, Did the information state facts sufficient to constitute a public offense? If it did not, can that question be raised in this court upon appeal, on the facts shown by the record? Section 7742 of the Penal Code specifies the grounds upon which a defendant may demur to an indictment. Subdivision 4 of that section reads: "That the facts stated do not constitute a public offense." This is not exactly the language used in defendant's demurrer, but it was no doubt intended to cover the provision of the statute, and we shall so treat it. Section 7750 provides: "When the objections declared grounds of demurrer by this chapter appear upon the face of the indictment, they can only be taken by demurrer, except that the objections to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial under a plea of not guilty, or after the trial in arrest of judgment." It will be seen the statute provides the only manner in which the objections raised by this appeal can be taken, to wit, by demurrer to the indictment, or at the trial under a plea of not guilty, or after the trial in arrest of judgment. The defendant declined to avail himself of any of these statutory provisions for the protection of his rights. He withdrew his demurrer, he entered a plea of guilty, he declined to move in arrest of judgment, and now comes to this court to assert for the first time the objections which the law distinctly and unequivocally says he must avail himself of in the trial court. To countenance such a contention would be trifling with the criminal law. There was no jurisdictional question involved in this case; it was simply a question of pleadings, and the statute provides the only manner in which such question can be raised; and the defendant, not

having seen fit to avail himself of the provisions of the statute, cannot raise the question here for the first time. *Non constat,* had the question been raised and insisted upon at the proper time and place, no appeal would have been necessary.

The contention in this case bears the impress of an idea, the obtaining of which among the legal profession we have before been called upon to deprecate, and that is that the criminal law is enacted solely for the protection of criminals. In *Territory v. Carland,* 6 Mont. 14, 6 Pac. 578, the court, in passing upon this question, on a statute identical with that of Idaho, say: "In this case there was a motion in arrest of judgment. It does not, however, appear that this motion was ever acted upon by the court. The appellant did not therefore insist upon his motion, and will be deemed to have waived it. The statute having provided the method of procedure to take advantage of such a defect, that method must be pursued. The objection that the facts stated in the indictment do not constitute a public offense cannot be presented in this court for the first time." And the same court, in a recent case (*State v. Malish,* 15 Mont. 506, 39 Pac. 739), reiterate and affirm this doctrine, adding the following language: "The ruling in the Carland case in upholding the statute cited does not hold that a judgment will be sustained upon an information which does not state an offense, nor that such judgment will be sustained upon an information where it appears that the court has no jurisdiction of the offense. The decision simply recognizes that the statute provides, as it has a right to do, in what court these objections should be made, and that they must be first made in the district court, rather than in the supreme court. Appeals are a matter of statutory regulation." We are in accord with the Montana court in its construction and application of this statute. Other questions are raised by the record, but, as the decision of this disposes of the appeal, we do not feel called upon to go further in the consideration of the case. The judgment of the district court is affirmed.

Morgan, C. J., and Sullivan, J., concur.