(June 29, 1908.)

STATE, Respondent, v. J. M. NOYES, Appellant.

[96 Pac. 435.]

JURISDICTION OF JUSTICES' COURTS—PLACE OF TRIAL BY JUSTICE— WAIVER—SUFFICIENCY OF EVIDENCE.

1. The criminal jurisdiction of a justice of the peace extends throughout the county in which he is elected or appointed, but he is required to reside and exercise his jurisdiction within his precinct, and the trial by him of a case at a place beyond the limits

of his precinct is a matter rather of procedure or of the manner and form of exercising his jurisdiction than one of absolute juris-diction itself, and is at most an irregularity in procedure that may be waived by consent and agreement of the parties.

2. Where a complaint was filed against the defendant in South Payette precinct and a warrant of arrest was issued and he was apprehended and taken before the justice of the peace, and there-after stipulated and agreed with the county attorney that the justice might hold his court and try the case at a point outside of his precinct and in North Payette precinct; *Held,* that the ir-regularity was merely one as to the manner of exercising the jurisdiction, and did not of itself oust the justice of his jurisdic-tion of the person of the defendant or of the offense charged, and that on appeal he is not entitled to his discharge for such irregularity.

3. Evidence in this case examined and considered, and *held* suffi-cient to justify the jury in finding and concluding that the de-fendant took the property charged to have been stolen with crimi-nal intent.

(Syllabus by the court.)

APPEAL from the district court of the Seventh Judicial District for the County of Canyon. Hon. E. L. Bryan, Judge.

Defendant was convicted of a misdemeanor in the justice's court and appealed to the district court, where he was again convicted, and thereafter appealed to the supreme court. *Affirmed.*

C. H. Edwards, and G. G. Adams, for Appellant.

A justice of the peace must reside and hold court in his own precinct; he cannot be transferred to the case; the case must be transferred to him. It is not a migratory court. (*Phillips v. Thralls,* 26 Kan. 780; *Wilcox v. Johnston,* 34 Kan. 655, 9 Pac. 610; sec. 3850, 3885, Rev. Stat. of Idaho.)

A justice of the peace has no authority outside of his own township to entertain a criminal complaint, and issue war-rant thereon for the arrest of the accused, and if he does so act, the proceedings are void. (*Atchison etc. R. R. Co. v. Rice,* 36 Kan. 593, 14 Pac. 229; *Hampton v. Warren,* 51 Ind. 288.)

In states where the jurisdiction of justices of the peace is fixed and determined wholly by statute, such statutes are strictly construed. (18 Am. & Eng. Ency. 37.)

If the justice had no jurisdiction, then the district court had none. (*People v. Du Rell*, 1 Ida. 44; *Rankin v. Fairley*, 29 Mo. App. 587.)

The parties cannot confer jurisdiction upon the justice by consent or agreement. (18 Am. & Eng. Ency. 36; *Tippack v. Briant*, 63 Mo. 580; *McQuoid v. Lamb*, 19 Mo. App. 153.)

In cases of larceny, if the taking was open and notorious, and there was no subsequent attempt to conceal the property, and no denial, but an avowal of the taking, then a strong presumption arises that there was no felonious intent, which must be repelled by clear and convincing evidence before a conviction is authorized. (*State v. Warden*, 94 Mo. 648, 8 S. W. 233; *People v. Eastman*, 77 Cal. 171, 19 Pac. 266; *Black v. State*, 83 Ala. 81, 3 Am. St. Rep. 691, 3 South. 814; *Causey v. State*, 79 Ga. 564, 11 Am. St. Rep. 447, 5 S. E. 121.)

J. J. Guheen, Attorney General, and B. S. Crow, for Respondent.

The question of good faith in taking the property is, of course, a question for the jury, where there is a conflict of testimony; but here, while the record bristles with proof that the property was taken with the intent to steal, there is almost no showing whatever of good faith, and certainly no such showing as would have warranted the trial court in advising the jury to acquit. If the defense presented any proof at all of good faith, worthy of the name, such question was fairly before the jury, and the verdict should not be overturned. (*State v. Williams*, 12 Ida. 483, 86 Pac. 53; *State v. Collett*, 9 Ida. 609, 75 Pac. 271; *State v. Ireland*, 9 Ida. 686, 75 Pac. 257.)

AILSHIE, C. J.—A complaint was filed against the appellant herein before Tim Driscoll, a justice of the peace of South Payette precinct, Canyon county, charging the defendant with the theft of a pulley and fly-wheel from the

mill of W. A. Coughanour. Upon the filing of the complaint a warrant was issued for the arrest of the defendant, who was thereafter apprehended and taken before the justice. At the time of the trial it was stipulated and agreed between the prosecuting attorney and the defendant and his counsel that for the convenience of all parties interested the trial should take place in North Payette precinct, and that the justice (Driscoll) of South Payette precinct might hold his court and hear the case at a convenient place in North Payette precinct. The trial accordingly took place in North Payette precinct, and the defendant was convicted and appealed to the district court. The judgment and record of the justice of the peace was regular and in due form, and nowhere disclosed the fact that the trial of the case had taken place beyond the limits of the justice's precinct. When the case was called for trial in the district court, the defendant, through his counsel, moved to dismiss the action, for the reason that it had been tried by the justice of the peace acting and holding his court beyond the territorial limits of his precinct. On the hearing of this motion it was stipulated and agreed between the prosecuting attorney and the attorney for defendant that the trial did, as a matter of fact, take place outside of the South Payette precinct, and that the same was with the knowledge and consent of both the state and the defendant. The district court overruled the motion, and the cause went to trial, and the defendant was again convicted, and a judgment was rendered and entered against him. He thereafter appealed to this court, and he now contends that the justice of the peace was absolutely without jurisdiction to try him at a place beyond the limits of his precinct, and that jurisdiction could not be conferred on the justice by consent, and that judgment having been entered against him in the justice's court without any jurisdiction to do so, the only jurisdiction the district court could acquire was that to dismiss the action and discharge the defendant. If the act of the justice of the peace in holding his court at a place outside of the limits of his precinct was jurisdictional, then it would seem to follow that the trial and

conviction of the defendant in the justice's court was void. The question, therefore, to be determined is: Was the matter of the place or *situs* of the trial a matter of jurisdiction, or rather one of procedure, or of the manner of exercising the jurisdiction vested in the justice of the peace? Sec. 22, art. 5 of the constitution provides that, ''In each county of this state there shall be elected justices of the peace as prescribed by law. Justices of the peace shall have such jurisdiction as may be conferred by law,'' etc. Under the provisions of the statutes of this state, the jurisdiction of a justice of the peace in matters both civil and criminal is co-extensive with the boundaries of the county. He is elected for a particular precinct within the county, and is required to reside within that precinct and hold his court ''in the precinct or city for which he is elected or appointed.'' (Secs. 3850 and 3885, Rev. Stat.) It is also provided that certain civil actions must be commenced within certain precincts, and this is for the convenience of the parties litigant; for example, certain actions must be commenced either in the precinct where the defendant resides or where the obligation was to be performed, or where the property is to be found. On the other hand, certain cases may be commenced in any precinct. (Sec. 4639.) Civil process from a justice's court may be served at any place within the county (secs. 3853 and 4659), and in certain cases may even be served beyond the limits of the county (sec. 4660). On the other hand, the criminal jurisdiction of justices' courts is coextensive with the jurisdiction of the county (sec. 3854). It would therefore seem from a consideration of the foregoing statutory provisions, that the question as to the precinct for which a justice is elected and the place where he shall hold his court is one of convenience and accommodation for litigants and those having business within the jurisdiction of a justice of the peace, and goes more to the matter of the place and manner of exercising his power and authority than to the essential elements of jurisdiction itself. In the case at bar the justice of South Payette precinct had unquestionable jurisdiction of the offense charged. The complaint was properly laid before him

within his jurisdiction, and his warrant was regularly issued for the arrest of the defendant. The defendant was brought before the justice, and the court thereby acquired jurisdiction of his person. For the convenience of the state and the defendant, it was agreed that the justice might try the case at a place beyond the territorial limits of his precinct, but within the county in which the offense was committed. This, in our judgment, was a matter purely of procedure or the manner of exercising the jurisdiction, and might be waived by the parties. It would seem to fall within the category of invited errors. It in no way affected any substantial rights of the defendant.

We are not without authority, however, on this question. In *State v. Shropshire,* 4 Neb. 411, the supreme court of Nebraska was considering an application for a writ of mandate to compel a justice of the peace of the city of Omaha to maintain his office and hold his court within his precinct. The court granted the writ, but in the course of the consideration of the question, it was said:

"The question presented for consideration is: Can a justice of the peace hold his office and exercise the functions thereof outside of the precinct in and for which he was elected and qualified? It is not a question as to the jurisdiction of a justice of the peace, but one in regard to the *situs* of his office, or his duty in respect to the place where he shall hold his office and exercise its functions."

This case was cited with approval by the same court in *Jones v. The Church of the Holy Trinity,* 15 Neb. 81, 17 N. W. 362, wherein the court was considering the question presented in this case, except that that was a civil rather than a criminal case. We quote the following from that opinion:

"The justice of the peace, although appointed for Capitol precinct, where he ought to have held his office, had jurisdiction coextensive with the limits of Lancaster county, which necessarily covered Midland precinct, and but for the policy of the law respecting the convenience of suitors, witnesses, and others having business with him, could doubtless perform his official duties anywhere therein. The holding of his office

or place of business within the particular precinct for which the justice is elected or appointed, so long as he keeps within the county, is not a matter respecting his jurisdiction, but one of policy and convenience merely, which those interested therein may disregard. If the jurisdiction of a justice of the peace were confined to the particular precinct for which he is elected, it would doubtless be otherwise."

. In *Rogers v. Loop,* 51 Iowa, 41, 50 N. W. 224, the supreme court of Iowa was considering the validity of a judgment entered by a justice of the peace where the trial had taken place and the judgment had been entered beyond the territorial limits of his precinct. In that case the action was pending before one G. Jaqua, a justice of the peace of Buckingham Township, and it was stipulated and agreed between the parties that the case might be tried at Traer, in Perry Township, and within the same county. The trial accordingly took place at Traer and the judgment was there entered. The court in considering and passing upon the question of jurisdiction, said:

"It may be admitted that the *locus* of the forum of a justice of the peace is the township of his residence or office within the township. But this is not a matter affecting or limiting his jurisdiction to try and determine actions. It is rather a provision directing the manner of the exercise of jurisdiction, and we know of no reason why the parties may not, for their own convenience, and the convenience of the witnesses, or for any other cause which may move them thereto, stipulate that the trial may be had at some place other than the residence or office of the justice. If that place should be over the township line, we cannot see why the stipulation should be held illegal and the proceeding void. We have been cited to no authority holding a doctrine contrary to these views, and certainly there is nothing in our statutes which precludes the adoption of the rule we here announce. It is notorious that justices of the peace rarely have offices which are sufficient to accommodate the parties, jurors, witnesses, and others, who attend trials before them, and, by consent of the parties, they usually hold their trials at places

other than where their dockets and papers are kept. Now, it seems to us, if in repairing to some other place for trial, to accommodate the parties, it should happen that a trial was held in another township than that of the justice's residence, it would be most unreasonable to hold that all the proceedings were void."

Counsel for appellant place great reliance on the case of *People v. Du Rell,* 1 Ida. 44, wherein the territorial supreme court said:

"In a criminal case, the party does not waive any rights by not insisting upon them, and if the court had no jurisdiction by law to try the case, it is not cured by the party failing to claim his right to be dismissed."

It will be seen at once that the Du Rell case is not in point here. There the court that had tried the defendant and from which the judgment came, had no criminal jurisdiction. The real question, therefore, involved in that case was one as to whether or not the parties could by consent and stipulation confer jurisdiction on a court over a case that did not fall within the jurisdiction of such court. In other words, could the state and the defendant stipulate to confer criminal jurisdiction on a court that was without such jurisdiction? The court said no.

We conclude, that under the provisions of our statute and the foregoing authorities, the trial of this case by the justice of the peace at a place beyond the limits of his precinct was at most an irregularity that might be waived by the parties, and that it did not go to the jurisdiction of the court.

The next question presented on this appeal is that of the insufficiency of the evidence to show a criminal intent. The taking of the property was admitted by the defendant, and it was also admitted that the property did not belong to him. He contended, however, that he took the property under the belief and apprehension that he had been authorized to do so by the owner of the property. On this element of the offense there was a conflict in the evidence. If the jury had believed the defendant's evidence, they would have undoubtedly acquitted him. On the other hand, there was sufficient

evidence introduced on this point by the state to justify the belief and conclusion by the jury that the property was taken with criminal intent, and that no permission had been given by the owner thereof. The jury evidently did not believe the defendant's version of the matter, but rather preferred to believe the evidence produced by the state. We think there was sufficient evidence produced by the state to justify the conclusion reached by the jury. We find no error in the record that would justify a reversal of the judgment, and the judgment is therefore affirmed.

Sullivan, J., and Stewart, J., concur.