### JACKSON, ex dem. COATES, against GAUGER.

The affidavit, on moving for a view, in ejectment, should shew not only that boundaries are in question; but the particular circumstances which render a view necessary to the understanding of the cause by the jury ; so that the court may judge whether the view be necessary.

S. A. FOOT, for the defendant, moved for a view ; and read an affidavit of the defendant's attorney, that on the trial of this cause, an intricate question of boundaries would be inquired into ; and the cause could not be tried by a jury understandingly without a view.

J. L. Wendell, contra, cited 4 Cowen, 397.

WOODWORTH, J. The affidavit is insufficient. By the statute, (1 *R. L.* 332, *s.* 21,) we may order a view when it shall appear proper and necessary. Several decisions have limited these views in ejectment to cases where boundaries are in question. (*Col. Cas.* 46. 4 *Cowen* 396.) But this alone is not enough. Particular circumstances should be stated, in order that we may judge for ourselves, whether the view be necessary to a full understanding of the cause. The defendant here states merely his own conclusions.

ALBANY,
Feb. 1827.

The People
v.
Seymour.

SAVAGE, Ch. J. In most cases, the evidence may be made quite as plain to a jury, in respect to boundaries, through proper surveys and diagrams, accompanied with the evidence of surveyors, and even more so, than by a view. We ought, therefore, to see that it is clearly necessary, before we subject parties to the delay and expense of this proceeding. The opinion of the party, or his attorney is not sufficient.

*Per totam curiam,*

Motion denied.