COMMONWEALTH *vs.* GARDNER A. FULLER & others.

Suffolk. March 28. — May 4, 1882. ENDICOTT & FIELD, JJ., absent.

An indictment for a conspiracy, which sets out an intention to cheat and defraud a certain person, the conspiracy to do so, the property out of which he was to be cheated, the false and fraudulent pretences by means of which the fraud was to be accomplished, and connecting the defendants with them all, is sufficient; and it is not necessary to set out any overt acts, or any actual injury to the person intended to be defrauded, or any denial in detail of the truth of the various false pretences.

INDICTMENT for conspiracy. The second count, upon which the defendants were tried, was as follows:

" And the jurors for the Commonwealth of Massachusetts, on their aforesaid oath, do further present, that Gardner F. Fuller,

otherwise called Gardner A. Fuller, E. Frank Mosher and Abiel W. K. Newton, all of said Boston, wickedly devising and intending to cheat and defraud one Daniel Goodnow, on the eighteenth day of July, in the year aforesaid, at said Boston, did unlawfully conspire, confederate, combine and agree together, falsely, knowingly, designedly and fraudulently, to cheat and defraud the said Goodnow out of a large quantity of goods, wares and merchandise, and one vessel called the Barque Western Sea, of the property of him, said Goodnow, that is to say : three hundred bales of cotton, each of the value of forty dollars ; one hundred and twenty-two bags of wool, each of the value of eighty dollars ; eight hundred and seventy-three pounds of tea, each of the value of fifty cents ; eight hundred and fifty-three gallons of punch, each of the value of two dollars ; fifty kegs of pickles, each keg the value of three dollars ; one machine, called a 'picker,' of the value of fifty dollars ; sixty bottles, each of the value of one dollar ; twenty-three cases of wine, each case of the value of twenty dollars ; one vessel, called the Barque Western Sea, of the value of four thousand eight hundred dollars ; by means of the false and fraudulent pretences thereafter to be made to said Goodnow by him, said Fuller, that he, said Fuller, had lately theretofore received an order from the Pepperell Manufacturing Company, in Biddeford, in the State of Maine, to buy for and on the account of said company, for its use in its mills there in said Biddeford, the cotton hereinbefore described ; that he, said Fuller, had lately theretofore received an order from said company, and said company had given him, said Fuller, the authority to buy for said company, and on its account, the wool hereinbefore described, and that said company was in the habit of using said wool in its mills in said Biddeford, and in the manufacture of cloth there in its said mills ; that said company, there in said Biddeford, had a shop and store in which it commonly sold groceries, teas and wines, and that said company had given him, said Fuller, an order and the authority to buy for it, and on its account, the tea, and wine, and bottles hereinbefore described, for sale by it, said company, there in its pretended shop in said Biddeford ; that said company had given him, said Fuller, an order, and the authority to buy for it, and on its account, the machine and picker hereinbefore described,

for use in its mills there in said Biddeford; that said company, because it was in difficulty about the rates of freight upon the railroads between said Boston and said Biddeford, and because it needed for use in its business in said Biddeford a vessel, had authorized him, said Fuller, to buy for it, and on its account, a vessel, in which to ship and carry all the goods and articles hereinbefore described, from said Boston to said Biddeford, and had given him, said Fuller, such authority to buy for its account the vessel there called the Barque Western Sea; that said Abiel W. K. Newton, whom he, said Fuller, should introduce and present to said Goodnow, and who, said Newton, should, in the presence of him, said Goodnow and said Fuller, examine said cotton, and said wool, and said wine, and said punch, and said tea, and said machine, was the agent of said Pepperell Manufacturing Company, and was the person, on its behalf, who had given him, said Fuller, all the aforesaid orders and authority, and was examining all said articles, wares, and merchandise for the purpose of confirming such authority and orders to him, said Fuller, so to be falsely pretended to said Goodnow; that said E. Frank Mosher, whom said Fuller should take to, and introduce and present to, said Goodnow, and who should say to said Goodnow, that the statements of said Fuller to said Goodnow about him, said Mosher, were true, was the person who had just then been sent by said company, from said Biddeford, to take command of and charge of said vessel, and all the goods and articles aforesaid, for and on behalf of said company, and that said company had just then paid to said Mosher a month's salary for such service, in advance, and that he, said Mosher, had just come in to said Boston from said Biddeford; that said company desired him, said Goodnow, to make a delivery of all said goods, wares, and vessel, upon a credit of ten days, and to deliver the same to said Mosher, as and for a delivery to said company, by him, said Goodnow, upon such credit to it, said company: to the great damage of said Goodnow, and against the law, peace, and dignity of said Commonwealth."

In the Superior Court, before the jury were empanelled, the defendants jointly moved to quash the indictment for the following reasons: " 1. The first count of said indictment is insufficient in law, uncertain, and indefinite. 2. The same is true

of the second count; and neither count sets forth any act constituting the offence charged. 3. The second count sets forth no overt acts constituting the offence charged. 4. Neither count sets forth any act done by either Mosher or Newton; it charges no act done by Fuller, except by inference and implication; it nowhere appears that the acts done by any one were knowingly assented to by either of the other defendants."

The defendant Mosher separately moved to quash the indictment, for the following reasons: "1. In neither of the counts in said indictment does it appear that the acts alleged, or any of them, were unlawful or criminal acts, and no unlawful or criminal act is alleged. 2. The indictment does not aver that the defendants performed the acts alleged for the purpose of effecting any wrong or injury to Goodnow, or for the purpose of effecting any wrong or injury whatever. 3. It does not aver that the acts alleged to have been performed did result in any wrong or injury to Goodnow. 4. The purpose alleged, and the acts alleged, and as alleged, are insufficient to sustain any charge of conspiracy cognizable by the laws of this Commonwealth. 5. The indictment sets forth no illegal means agreed upon, or consented to, by the parties, and does not charge a conspiracy to do a criminal act, or effect an object by any criminal means; and the allegations, respecting the purpose and object and means, are insufficient and insufficiently stated."

*Staples*, J. sustained the motions as to the first count, and overruled them as to the second count. The jury returned a verdict of guilty against Fuller and Mosher, and not guilty against Newton; and Mosher alleged exceptions.

*D. F. Kimball*, for Mosher.

*G. Marston*, Attorney General, for the Commonwealth.

C. ALLEN, J. The second count of this indictment contains everything necessary in an indictment for conspiracy, according to the strictest rules. The intention to cheat and defraud Goodnow, the conspiracy to do so, the property out of which he was to be cheated, the false and fraudulent pretences by means of which the fraud was to be accomplished, are all fully set forth; and the defendant is connected with them all. A conspiracy to cheat and defraud one out of his property by means of false and fraudulent pretences, is an indictable offence of itself.

It is not necessary to set out any overt acts, or any actual injury to the person intended to be defrauded, or any denial in detail of the truth of the various false pretences; the general statement that the pretences were false and fraudulent is sufficient. We have been referred to no case which lends any support to the grounds of objection taken in the brief which has been submitted in behalf of the defendant Mosher. The form of indictment is in accordance with that given in 2 Archb. Crim. Pr. & Pl. 615. See also *Commonwealth* v. *Hunt*, 4 Met. 111; *Commonwealth* v. *Eastman*, 1 Cush. 189; *Commonwealth* v. *Shedd*, 7 Cush. 514; *Commonwealth* v. *Wallace*, 16 Gray, 221; *Commonwealth* v. *Walker*, 108 Mass. 309; *Commonwealth* v. *Waterman*, 122 Mass. 43, 57; 2 Bishop Cr. Proc. § 204 *& seq.*

*Exceptions overruled.*