### .GEIST *v.* UNITED STATES.

---

CONSPIRACY; CRIME AGAINST UNITED STATES; INDICTMENT.

1. An indictment need only be sufficiently clear and certain to (1) furnish
   the accused with such a description of the charge as will enable him to
   make his defense, and to (2) inform the court of the facts alleged,
   so that it may decide whether they are sufficient in law to support a
   conviction.

2. It is a crime against the United States to obtain from a person his sig-
   nature to a check by any false pretense, with intent to defraud, within
   the District of Columbia (following *Tyner* v. *United States*, 23 App.
   D. C. 324) ; and an indictment under sec. 5440, U. S. Rev. Stat. (U.
   S. Comp. Stat. 1901, p. 3676) (making it a crime where two or more
   persons conspire either to commit any offense against the United
   States or to defraud the United States in any manner or for any pur-
   pose, and one or more such parties do an overt act to effect the object
   of the conspiracy), will lie which charges that the defendants con-
   spired by means of false pretenses, which are set out with sufficient
   particularity, and with intent to defraud a partnership by false pre-
   tenses, and that they did an overt act consisting of obtaining a check
   from the partnership.

3. In an indictment for a conspiracy to commit an offense it is not neces-
   sary to describe the offense with the same precision that is required
   in an indictment for the offense itself.

4. Although the allegations of an indictment might have been couched in
   more precise and definite terms, yet under U. S. Rev. Stat. sec. 1025
   ( U. S. Comp. Stat. 1901, p. 720), if such imperfections do not tend

to the prejudice of the defendant, the indictment cannot be held to be bad.

No. 1623.    Submitted January 4, 1906.    Decided February 6, 1906.

HEARING on an appeal by the defendants from a judgment of conviction of the Supreme Court of the District of Columbia in a prosecution under U. S. Rev. Stat. sec. 5440, for conspiracy to commit an offense against the United States.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. James A. O'Shea, Mr. Leo P. Harlow,* and *Mr. W. J. Davidson* for the appellants.

*Mr. D. W. Baker,* United States Attorney for the District of Columbia, and *Mr. J. S. Easby-Smith,* Assistant, for the United States.

Mr. Justice DUELL delivered the opinion of the Court:

At the October term, 1904, the appellants, Jason W. Geist, alias Joseph Graham, and Frank S. Richardson, were indicted in the supreme court of the District of Columbia, for the violation of sec. 5440, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 3676).    They were brought to trial, and on March 3, 1905, found guilty on the second count of the indictment, the government at the close of the trial having abandoned the first count. A motion was made and overruled in arrest of judgment, and the defendants were sentenced to imprisonment for a term of two years in the penitentiary, and to pay a fine of $10,000 each. An appeal from this judgment was thereupon taken to this court.

Section 5440, under which the indictment was found, is as follows:    "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all

the parties to such conspiracy shall be liable to a penalty of not less than $1,000, and not more than $10,000, and to imprisonment not more than two years," or to both such fine and imprisonment, in the discretion of the court.

It appears that the section provides that parties may conspire for two distinct purposes, the one "to commit any offense against the United States," the other "to defraud the United States in any manner or for any purpose."

The second count of the indictment charges, or intends to charge, a conspiracy to commit an offense against the United States, and not a conspiracy to defraud the United States. The record does not contain the testimony, and the question before us is as to the sufficiency of the indictment. The reasons upon which the motion to arrest the judgment was based are eighteen in number. The assignments of error are the same except as to the charge of variances between the allegations of the indictment and the facts proved at the trial.

The second assignment is the comprehensive one, the others aiming to point out more specifically the defects, insufficiencies, and lack of precision and completeness of the allegations of the indictment.

It will only be necessary to recite this general assignment and refer in its consideration to the others. It is thus stated:

"2. Because said indictment is defective and insufficient, in that the alleged offenses were not set out with sufficient certainty, completeness, precision, and definiteness, and that said indictment is too vague, indefinite, incomplete, and uncertain to charge in law a crime."

The second count of the indictment is quite lengthy, and, unless it is set out *in extenso,* it is somewhat difficult to show just what it charges. It alleges:

That the said Jason W. Geist, otherwise called Joseph Graham, and the said Frank S. Richardson, * * * wickedly devising and intending to unjustly and unlawfully by the offense of false pretenses to cheat and defraud one Frederick S. Young and one Charles O. Young, partners trading under the firm name and style of the Carriage Repository—Thomas

E. Young, of their moneys and property, the said Jason W. Geist, otherwise called Joseph Graham, and the said Frank S. Richardson, both late of the said District, on the fourth day of August in the year of our Lord one thousand nine hundred and four and at the District aforesaid, did fraudulently and unlawfully conspire, combine, confederate, and agree between and among themselves to cheat and defraud the said Frederick S. Young and the said Charles O. Young, partners as aforesaid, of their moneys and property by then and there *falsely representing* to said Frederick S. Young *that they,* the said Geist, otherwise called Graham, and the said Richardson, *were* then and there *the collectors and representatives of J. H. Howard and Company, of Chicago and New York, publishers of a gazetteer called the Mercantile Gazetteer and that the said gazetteer was a genuine gazetteer published by said J. H. Howard and Company for general reference,* and which contained a carefully compiled list of the banks, manufacturers, merchants, wholesale and business interests of the principal cities and supply centers of said United States, and that the late Thomas E. Young, the father of the said Frederick S. Young, had contracted with said J. H. Howard and Company for and in consideration of the sum of six dollars, to advertise the business of said Young in the said The Mercantile Gazetteer, and that they, the said Geist, otherwise called Graham, and the said Richardson, were then and there authorized by said J. H. Howard and Company to collect the said sum of six dollars for said advertisement from the said Frederick S. Young, the said Geist, otherwise called Graham, and the said Richardson, then and there well knowing on said day and year aforesaid at said District, when they fraudulently and unlawfully conspired, combined, confederated, and agreed between and among themselves as aforesaid, to cheat and defraud said Frederick S. Young and said Charles O. Young, partners as aforesaid, of their moneys and property, by said false pretenses, that they, the said Geist, otherwise called Graham, and the said Richardson, were not then and there the collectors and representatives of the said J. H. Howard and Company of Chicago and New York, *and*

*then and there well knew that there was no such firm as J. H.
Howard and Company of Chicago and New York, and then
and there well knew when they,* the said Geist, otherwise called
Graham, and the said Richardson, on the said day and year
last aforesaid and at said District, *conspired, combined, confed-
erated and agreed together to cheat and defraud by said false
pretenses,* that they, the said Geist, otherwise called Graham,
and the said Richardson, conspired, combined, confederated,
and agreed together for the purpose of cheating and defrauding
the said Frederick S. Young and said Charles O. Young, part-
ners as aforesaid, of their moneys and property, and to effect
the object of said conspiracy the said Frank S. Richardson *did
then and there obtain, by said unlawful conspiracy and said
false pretense, from the said Frederick S. Young, a certain
other check dated August fourth, one thousand nine hundred
and four, drawn on the Lincoln National Bank of said Dis-
trict, for the sum of six dollars, made payable to the order of
J. H. Howard and Company and signed Thomas E. Young by
Frederick S. Young;* against the form of the statute in such
case made and provided, and against the peace and Govern-
ment of the said United States.

Morgan H. Beach,

Attorney of the United States in and for the District of
Columbia.

It is, of course, conceded that "in criminal cases, prosecuted
under the laws of the United States, the accused has the con-
stitutional right 'to be informed of the nature and cause of the
accusation.'" *United States* v. *Cruikshank,* 92 U. S. 542, 23
L. ed. 588. The reasons why an indictment must be sufficient-
ly clear and certain to inform accused and the court of the
crime are stated in the same case to be:

"First. To furnish the accused with such a description of
the charge against him as will enable him to make his defense
and avail himself of his conviction or acquittal for protection
against a further prosecution for the same cause; and,

"Second. To inform the court of the facts alleged, so that
it may decide whether they are sufficient in law to support a

conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances."

A reading of the indictment in this case would seem to be sufficient to give both the accused and the court all needed information.

The accused are charged with conspiring to cheat and defraud the Youngs of their money by false pretenses, consisting in falsely representing to them that they were representatives and collectors for a firm publishing an advertising directory; that Thomas E. Young, deceased, had contracted to advertise his business in the publication; that they were authorized to collect the price, $6, for the advertisement, that they well knew that there was no such firm, and that they were not the representatives or collectors of such firm; that on the date named they had conspired and agreed together to cheat and defraud, by the false pretenses set forth, the Youngs out of their money; and that they, on the date named, received a check for $6, drawn on a bank in the District, made payable to the order of the firm and signed by one of the Youngs.

Surely the allegations were sufficient to furnish the accused with the details of the charge they were to meet and enable them to make their defense, and guard themselves against any further prosecution for the same cause. The court was furnished with sufficient facts to enable it to perform its required duty.

It seems to us that a conspiracy is clearly alleged, and that that conspiracy is one to commit an offense against the United States. The indictment is for conspiracy to commit an offense. Whoever, within the District of Columbia, by any false pretense, with intent to defraud, obtains from a person his signature to a check has committed a crime. Section 842 of the District Code. [31 Stat. at L. 1326, chap. 854.] And that crime is an offense against the United States. *Tyner* v. *United States,* 23 App. D. C. 324. The indictment alleges that the defendants conspired, by means of false pretenses (which are set out with sufficient particularity), and with intent to defraud the Youngs of their money, and that they did an overt act,

which consisted in obtaining the check for $6 from them. It must be borne in mind that the offense charged by the indictment is a conspiracy by the defendants to cheat a partnership by false pretenses. It is not an indictment for an offense of cheating by false pretenses. When the charge is of conspiracy to commit an offense, it is not required that the offense be described with the same precision as required in describing the offense itself. *United States* v. *De Grieff,* 16 Blatchf. 21 Fed. Cas. No. 14,936; *United States* v. *Dennee,* 3 Woods, 47, Fed. Cas. No. 14,948; *Com.* v. *Fuller,* 132 Mass. 563.

The criminality of the conspiracy alleged in the indictment before us consists in the unlawful combination of the defendants to accomplish an illegal purpose. That in such cases the "purpose must be fully and clearly stated in the indictment" is the rule enunciated by the Supreme Court. *Pettibone* v. *United States,* 148 U. S. 197, 37 L. ed. 419, 13 Sup. Ct. Rep. 542. To defraud a person by means of false pretenses is the basis of the criminality of the alleged conspiracy set out in the indictment herein. The defendants are charged with falsely making certain representations. Those representations are set forth. That those representations were false is also set forth. Those representations are of such a character that the defendants must have known them to be either false or true. The indictment states that the defendants well knew there was no such firm as they are charged with falsely claiming that they represented. There was no demurrer to the indictment, and as the record does not disclose the evidence we must assume that proofs were received, without objection, sufficient to support the verdict. Furthermore, if we subject the indictment to a critical scrutiny and admit that its allegations might have been couched in more precise and definite terms, we do not think that any such imperfections tended to the prejudice of the defendants, and that therefore section 1025, U. S. Rev. Stat. ( U. S. Comp. Stat. 1901, p. 720), is applicable, and in view of it the indictment cannot be held to be bad.

In our opinion the judgment of the court below was correct, and it must therefore be affirmed; and it is so ordered.

*Affirmed.*