COMMONWEALTH *vs*. SAMUEL C. HARRIS & another.

Middlesex.     March 14, 1919. — April 14, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Pleading, Criminal*, Indictment.   *Conspiracy*.   *Evidence*, Of communication by telephone, Testimony of co-conspirators.   *Witness*, Bias.

There is no merit in the contention, here made, that the act to provide for the simplification of criminal pleadings contained in St. 1899, c. 409, and re-enacted in R. L. c. 218, does not apply to common law offences.

An indictment, charging the defendants named therein with the continuing offence of having conspired to receive stolen automobiles knowing them to have been stolen feloniously, is not bad because it charges a mere attempt or preparation to commit a crime, as a conspiracy to do an unlawful act is complete when the conspiracy is made before any act is done in pursuance of it.

Testimony of a telephone operator, that she received and noted a telephone message purporting to come from a certain person, is not admissible to show that such a message was sent by that person, where there is no evidence as to the identity of the person who talked over the telephone to the operator.

At the trial of an indictment for a conspiracy to receive stolen automobiles knowing them to have been stolen feloniously, where witnesses testified who "were indicted either separately for larceny and receiving stolen goods or together with [the defendant on trial] for conspiracies to steal, receive or become accessories to the stealing of automobiles or receiving automobiles knowing them to have been stolen," the presiding judge instructed the jury in effect that they might consider whether these witnesses were "under the strong bias of self-protection" and that they might take that into account in weighing their testimony, and "that so far as the testimony of those who are under indictment reveals a tendency to place the guilt upon the shoulders of the [defendant on trial] rather than upon themselves, you may take that into account as bearing upon the weight which you should give to the testimony which they have offered you."   The judge refused a request of the defendant to instruct the jury further, that these witnesses, "being themselves indicted, testify under the strong bias of self-protection and hope of immunity. It makes no difference whether the evidence discloses a promise of immunity, this bias should be taken into account by the jury in weighing their testimony." *Held* that the refusal of the request was proper.

INDICTMENT, found and returned in the county of Middlesex in January, 1918, in six counts, the second count, on which the defendant Harris was convicted, charging "that Samuel C. Harris and James E. Trask, between the first day of December in the year of our Lord one thousand nine hundred and fourteen and the first day of October in the year of our Lord one thousand nine hundred and seventeen at Newton, in the County of Middlesex aforesaid, did conspire together to commit thereafter from time to time and on different occasions as opportunity therefor should offer, and not at any times then particularly set and fixed, the crime of buying, receiving or aiding in the concealment of stolen property, to wit: automobiles, which might at the time of such conspiracy have been already stolen or which might thereafter be stolen from persons not then known to said Samuel C. Harris and James E. Trask, but all of which automobiles the said Samuel C. Harris and James E. Trask then knew, or thereafter and before such buying, receiving or aiding in the concealment of such stolen property should have been accomplished, should come to know had been stolen, such crime of so buying, receiving or aiding in the concealment of property, known at the time of such buying, receiving or aiding in the concealment thereof to the persons so buying, receiving or aiding in the concealment thereof to have been stolen, being when accomplished a violation of the provisions of R. L. c. 208, § 51, of said Commonwealth and punishable by imprisonment in the State Prison for not more than five years or by a fine of not more than five hundred dollars and imprisonment in jail for not more than two years."

After a jury had been impanelled the defendant Trask pleaded guilty, and subsequently he was called as a witness for the Commonwealth. The defendant Harris seasonably filed a motion to quash the indictment. This motion was granted as to certain of the counts of the indictment, but was denied as to the second count. The defendant Harris thereupon filed a motion for a bill of particulars, and the district attorney filed a bill of particulars, a copy of which was annexed to the record before this court.

The defendant Harris was tried before *Callahan, J.* It appeared that the defendant Harris lived at the Hotel Somerset in Boston. The defendant's offer of the testimony of the telephone operator, mentioned in the opinion, was as follows: "I want to show that

at twenty minutes of ten on the evening of the fourteenth day of November of last year, this witness, who was the operator at the Hotel Somerset, where Harris lived, received a call for Mr. Harris from a person at the other end of the telephone who said he was Mr. Trask; that she received then this message for Harris: 'Bond has been filed for $10,000 and he is released. He will take care of you later.'" In answer to a question from the judge the defendant's counsel stated that he contended that the message came from Trask. The judge excluded the evidence, stating that he did so "in the absence of any evidence that the person at the other end of the wire was Trask, other than that person's representation." The defendant excepted.

The defendant asked the judge to make seven rulings, of which the judge made all except the fourth and gave them as instructions to the jury. The fourth ruling requested by the defendant was as follows:

"4. The witnesses Trask, Moses, Aronofsky and Ward, being themselves indicted, testify under the strong bias of self-protection and hope of immunity. It makes no difference whether the evidence discloses a promise of immunity, this bias should be taken into account by the jury in weighing their testimony."

The judge refused to make this ruling, and the defendant Harris excepted. The instructions of the judge upon this point are quoted and described in the opinion.

The judge instructed the jury to return verdicts for the defendant Harris on the first, third and fourth counts of the indictment, and submitted the case to them only upon the second count, which is quoted above. The jury returned a verdict of guilty upon this count; and the defendant Harris alleged exceptions to the denial of his motion to quash the second count of the indictment, to the exclusion of evidence and to the refusal to rule, which are mentioned above.

*H. H. Pratt,* for the defendant Harris.

*F. W. Fosdick,* Assistant District Attorney, for the Commonwealth.

LORING, J. 1. We are of opinion that the second count of the indictment on which the defendant was convicted is a sufficient indictment charging the defendants therein named with the continuing offence of having conspired to receive stolen automo-

biles knowing them to have been stolen and to have been stolen feloniously.

The ground on which the defendant contends that the indictment was not sufficient is that the act to provide for the simplification of criminal pleadings, St. 1899, c. 409 (now re-enacted in R. L. c. 218), does not apply to common law offences. The contention is without merit. The indictment in question is a sufficient indictment under that act having reference to the sections of the original act which are now re-enacted in R. L. c. 218, § 67, and §§ 17–22, 34, 38, 39.

2. The defendant has contended that the indictment is bad because it charges a mere attempt or preparation to commit a crime. His contention is that the crime of conspiracy has two distinct elements, one of combination and the other of attempt, and that these two elements must combine in order to make out the completed offence. The contrary was decided by this court in *Commonwealth* v. *Judd,* 2 Mass. 329. In that case this court said at page 337, "After fully considering the several cases, the court are satisfied that the gist of a conspiracy is the unlawful confederacy to do an unlawful act, or even a lawful act for unlawful purposes; that the offence is complete when the confederacy is made, and any act done in pursuance of it is no constituent part of the offence, but merely an aggravation of it." That case is still the law of the Commonwealth. *Commonwealth* v. *Warren,* 6 Mass. 73. *Commonwealth* v. *Hunt,* 4 Met. 111, 125. *Commonwealth* v. *O'Brien,* 12 Cush. 84, 89. *Commonwealth* v. *Fuller,* 132 Mass. 563, and cases there collected.

3. The judge was right in excluding the testimony of the telephone operator offered by the defendant. No evidence was offered as to the identity of the person who talked over the telephone to the operator. The whole matter is stated accurately in Wigmore on Ev. § 2155, in these words: "No one has ever contended that if the person first calling up is the very one to be identified, his mere purporting to be A is sufficient, any more than the mere purporting signature of A to a letter would be sufficient." And that is the rule acted upon in the only cases which have been brought to our attention. *Dunham* v. *McMichael,* 214 Penn. St. 485. *Murphy* v. *Jack,* 142 N. Y. 215.

4. The exception taken to the refusal of the judge to make the

fourth ruling asked for by the defendant set forth on page 590 must be overruled.

It appeared that Trask, Moses, Aronofsky and Ward "were indicted either separately for larceny and receiving stolen goods, or together with this defendant Harris for conspiracies to steal, receive or become accessories to the stealing of automobiles, or receiving automobiles knowing them to have been stolen."

The ruling hardly could have been given in the terms of the request. The presiding judge could hardly have told the jury that these witnesses as matter of law were "under the strong bias of self-protection and hope of immunity" and that "this bias should be taken into account by the jury in weighing their testimony." The defendant was entitled to have the jury told that they might consider whether these witnesses were "under the strong bias of self-protection" and that they might take that into account in weighing their testimony and that was in effect what the jury were told. The presiding judge instructed the jury in these words: "As to both of the cases, consider carefully whether the various witnesses who have come before you, or any of them, are dominated by prejudice — prejudice against Harris, prejudice against Trask, prejudice against any other person connected with this case. Consider whether they are biased in favor of any witness in this case. Are they under any promise of some sort, of future benefit or anything of that sort? Are they under financial obligation to anybody connected with the case? All these things you may take into account in weighing the testimony of the various witnesses who have appeared before you. And in this connection I say to you that so far as the testimony of those who are under indictment reveals a tendency to place the guilt upon the shoulders of Harris rather than upon themselves, you may take that into account as bearing upon the weight which you should give to the testimony which they have offered to you."

5. We have examined all the cases cited by the defendant and find nothing in them which requires notice.

*Exceptions overruled.*