People *v.* Noll.

## THE PEOPLE *v.* NOLL.

THE proceeding under section twenty-one of the Act concerning Crimes and Punishments to determine the degree of the crime of murder after a plea of guilty is not a trial, nor has the defendant any right to have that question determined by a jury.

It is not necessary in this proceeding that the examination of witnesses should be at the same time, or on the same day, as the entry of the plea of guilty; nor is it necessary that any time should elapse between the determination by the Court of the degree of the crime and the pronouncing of the judgment.

In the proceeding by the Court upon a plea of guilty to an indictment for murder to determine the degree of the crime, it is not necessary that the determination should be expressed in any particular form. Any decision or judgment which shows the conclusions derived from the examination is a compliance with the statute.

APPEAL from the Ninth Judicial District.

Indictment for murder.

Defendant was arraigned on the fourteenth day of December, 1861, and plead guilty; thereupon the Court fixed the twenty-first day of December to have witnesses examined in reference to the degree of guilt and to pronounce judgment. On the twenty-first of December, the defendant was brought into Court, and two witnesses were examined touching the circumstances of the killing. On the conclusion of the examination, defendant was asked by the Court if he had any cause to show why judgment should not be pronounced; and no cause being shown, the Court proceeded to declare that from the plea and the evidence it found the defendant guilty of murder in the first degree, and adjudged him so guilty, and passed sentence of death accordingly.

The defendant appeals, and assigns the following errors:

1. That after the plea of " guilty " by the defendant was entered, the Court did not call a jury to hear evidence and determine the degree of guilt.

2. That the Court, after the plea of guilty by the defendant, did not call witnesses to determine the degree of guilt until he was brought up to be sentenced.

3. That the Court, after hearing the testimony of the witnesses, proceeded immediately to the sentence of the defendant, without

People *v*. Noll.

waiting the lapse of time provided for by the statute. (Crim. Pr. Act, 448.)

4. That the Court did not render a verdict and judgment thereon determining the degree of guilt as required by law.

The portion of the Act concerning Crimes and Punishments referred to in the opinion was passed April 19th, 1856, and after defining what shall constitute murder in the first degree, and what murder in the second degree, and providing that the jury shall, when the trial is by jury, designate the degree of the murder in their verdict, continues: " but if such person shall be convicted on confession in open Court, the Court shall proceed by examination of witnesses to determine the degree of the crime, and give sentence accordingly." Section four hundred and forty-eight of the Criminal Practice Act was passed with the body of the act in 1851, and is as follows: " The time appointed (for pronouncing judgment after a plea or verdict of guilty) shall be at least two days after the verdict, if the Court intend to remain in session so long, or if not, as remote a time as can reasonably be allowed. But in no case shall judgment be rendered in less than six hours after the verdict."

*J. W. Coffroth*, for Appellant.

*Attorney General*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The proceeding to determine the degree of the crime of murder after a plea of guilty is not a trial. No issue was joined upon which there could be a trial. There is no provision of the Constitution or of any statute which prevents a defendant from pleading guilty instead of having a trial by jury. If he elects to plead guilty to the indictment, the provision of the statute for determining the degree of the guilt, for the purpose of fixing the punishment, does not deprive him of any right of trial by jury.

The statute does not, in terms, require that the examination of witnesses to ascertain the degree of the crime shall be had at the time of or immediately after the plea of guilty. If the direction

that the Court shall " proceed," etc., might be considered as indicating that this inquisition was to be in continuation of the arraignment and plea, it would equally require the sentence to be pronounced at the same time, which would be in contravention of the provisions requiring a certain time to elapse between the plea and the judgment. The provision is, that " the Court shall proceed by examination of witnesses to determine the degree of the crime, and give sentence accordingly."

Nor is this inquisition a plea or verdict of guilty, and is not therefore within the operation of the provisions which require a certain time to elapse between the plea or verdict and the pronouncing of judgment. The amendment to the statute, by which the crime of murder was divided into degrees, and this special mode provided for ascertaining the degree on a plea of guilty, was enacted after the provisions requiring the lapse of a certain time between the plea and the judgment, and in this way doubtless it has happened that the two cases are not subject to the same regulations. Although it may appear that the same considerations of expediency apply to both cases, yet as the mode of proceeding adopted in this case was not contrary to any provision of the statute, and as no substantial right, or indeed any right, of the defendant has been injuriously affected, there is no reason for interfering with the judgment on this ground.

The statute does not prescribe any form in which the determination of the degree of guilt shall be expressed. Any decision or judgment which shows the conclusion derived from the examination would be a compliance with the statute. The form adopted in this case is, after reciting the plea and the examination of witnesses, that " the Court now finds the defendant, Thomas Noll, guilty of murder in the first degree, and doth adjudge that the penalty therefor is death." The whole judgment shows the determination of the degree of the crime in terms sufficiently appropriate for the purpose.

Judgment affirmed, and the Court below will appoint a day for the execution of the sentence.