No. 13,969.

STATE OF LOUISIANA VS. JACOB JACKSON, ALIAS SHAMP.

SYLLABUS.

1. A person indicted for a crime necessarily punishable at hard labor who pleads not guilty cannot, even with his own consent, waive trial by jury and be tried by the judge alone. (Articles 9, 116 and 118, Constitution 1898.) He is not estopped from urging this defense, as the constitutional requirements on the subject are in the interest of the State as well as his own. (C. C. 11.)

2. An indictment for a statutory offense is generally sufficient if it follows the wording of the statute. It is not made defective by the insertion therein additionally of the words "unlawfully" and "feloniously."

3. An endorsement upon an indictment giving the date of its receipt and filing by the clerk as January 24th, 901, is an immaterial clerical error, especially so when the minute entries disclose that the indictment was received on the 24th of January, 1901.

APPEAL from the Nineteenth Judicial District, Parish of St. Martin—*Foster, J.*

*Walter Guion,* Attorney General, and *Anthony N. Muller,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Edward Simon,* for Defendant, Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant has appealed from a judgment of the District Court sentencing him to hard labor in the penitentiary for ten years.

In the lower court he unsuccessfully moved to quash the indictment, to arrest the judgment, and to obtain a new trial.

His counsel in his brief calls our attention to the fact that the defendant had pleaded not guilty, had waived trial by jury, been tried before the district judge without a jury, found guilty, and been sentenced to hard labor.

The matter to which our attention has been thus directed we are forced to notice and to act upon—intentionally reserved—as it manifestly was to be made use of at this late stage of the proceedings.

The crime for which he was indicted, and for which he was tried before the district judge and by the latter found guilty and sentenced was violation of Section 788 of the Revised Statutes, a crime "necessarily punishable at hard labor."

Article 116 of the Constitution of 1898 declares that "cases in which the punishment is necessarily at hard labor shall be tried by a jury of twelve, nine of whom, concurring, may render a verdict," while Article 118 of the same instrument declares that district judges shall have authority to try at any time all misdemeanors and, when the jury is waived, all cases not necessarily punishable at hard labor and to receive pleas of guilty in cases less than capital.

We held, in State vs. Thompson, 104 La. Reports, page 167, that parties accused of crime necessarily punishable at hard labor had no right to waive trial by jury and insist upon being tried by the district judge, assigning as the reason for so holding that the requirement of Article 116 of the Constitution had been adopted not only in the interest of accused parties, but of the State itself.

This opinion was reaffirmed in State vs. Ned, recently decided. 105 La. Ann. 696.

It has been suggested that we may not have sufficiently considered the last words of Article 118, to the effect that district judges are "authorized to receive pleas of guilty in cases less than capital;" that if the judges are authorized to receive a plea of guilty in cases less than capital, they must necessarily have the power after receiving the plea to adjudge the accused guilty and to sentence him.

The accused in this particular case did not plead guilty. He, on the contrary, pleaded not guilty, which fact carried with it the necessity of a trial which the Constitution declared should be before a jury of twelve, though nine jurors concurring could have rendered a verdict. Under the circumstances of this case a jury could not be waived by the accused.

Clark, in his work on Criminal Procedure, referring in Section 149 to this subject, says:

"Where the Constitution or a statute expressly requires a jury trial, and does not merely give the accused the right to such a trial, a jury can, in no case, be waived." (Citing Arnold vs. State, 38 Neb. 752; 57 N. W. 587.) He adds: In all cases the right to a trial by jury may be waived by pleading guilty, for in such a case no trial at all is necessary." (Citing Brown vs. State, 16 Ind. 496.)

We will postpone any expression as to the correctness of this latter proposition until a case presenting that particular feature shall arise. We adhere to our opinion announced in State vs. Thompson and State vs. Ned, See additionally on this subject Article 9 of the Constitution of 1898.

The conclusion reached by us, on this particular point, carries with it a reversal of the judgment of the District Court. In view of the new trial which must take place, it is necessary for us to pass upon the rulings of the district judge upon the issues raised in the motion to quash, the motion in arrest of judgment and the application for a new trial. The rulings of the District Court upon these motions and upon that application were correct, and we hereby affirm them. The crime charged is statutory. The indictment followed the language of the statute and was sufficiently explicit to inform the accused of what he stood charged, and sufficient upon which to base a legal verdict. He called for no bill of particulars. The insertion in the indictment of the words "feloniously" and "unlawfully" in addition to the words of the statute, furnishes no ground of complaint.

The objection to the endorsement upon the indictment, showing the date of its receipt and of its filing as, having been on January 24th, 901, is utterly without force. The omission of the figure "1" before 901, was evidently a slip of the pen. There is no question of prescription in the case. Under Section 1063 of the Revised Statutes, the omission was immaterial. Besides this, the error in the endorsement was cured by a proper entry in the minutes showing that on January the 24th, 1901, this indictment was returned by the Grand Jury.

For the reasons assigned the judgment of the District Court is reversed and set aside and the cause is remanded to it for further proceedings according to law.

BREAUX, J., dissenting, handed down a separate opinion in this case.