(September 16, 1911.)

## In the Matter of the Application of JAMES DAWSON' for Writ of Habeas Corpus.

[117 Pac. 696.]

CRIMINAL LAW—TRIAL BY JURY—WAIVER—SUFFICIENCY OF INFORMATION—HOW RAISED.

(Syllabus by the court.)

1. Under the provisions of sec. 7 of art. 1 of the constitution of this state, the right of trial by jury is reserved to the citizens of the state as it existed and was permitted under the common law, and such right is retained in all cases which were triable by jury under the common law, and limits the power of the court and of the citizens to a waiver of a jury trial to criminal cases not amounting to a felony, and then only by consent of both parties expressed in open court.

2. The word "trial," as used in sec. 7, art. 1 of the constitution, means an issue of fact presented by a plea of the accused, and the court is without jurisdiction to try such issue of fact, if the charge be a felony, and there can be no conviction except upon trial by jury; but where the accused, with full knowledge of his constitutional rights, enters a plea of guilty, and presents no issue of fact for trial, there can be no trial and the conviction is the accused's admission, and takes the place of a verdict of a jury.

3. Whether it is necessary to allege in an information charging larceny from the person the value of the property taken is a question of the sufficiency of the information, and does not go to the jurisdiction of the court, and the only manner in which such question can be raised is by demurrer to the information, at the trial under the plea of not guilty, or after the trial in arrest of judgment.

An original application in this court for a writ of *habeas corpus*. Writ denied.

D. C. McDougall, Attorney General, O. M. Van Duyn, and J. H. Peterson, Assistants, for the State.

The matter of the defendant waiving a jury trial under a plea of guilty in felony cases has been presented to the California courts and has been decided by them. The earliest case seems to be that of *People v. Noll*, 20 Cal. 164. The court ·in this case, wherein the defendant was charged with the crime of murder and had plead guilty thereto, said: ·"No issue was shown upon which there could be a trial. There is no provision of the constitution or of any statute which prevents a defendant from pleading guilty instead of having a trial by jury." This case was followed in *People v. Lenox*, 67 Cal. 113, 7 Pac. 260. (See, also, *West v. Gammon*, 98 Fed. 426, 39 C. C. A. 271; *State v. Almy*, 67 N. H. 274, 28 Atl. 372, 22 L. R. A. 744; *Hallinger v. Davis*, 146 U. S. 318, 13 Sup. Ct. 105, 36 L. ed. 986; *Green v. Commonwealth*, 12 Allen (Mass.), 155; *Territory v. Miller*, 4 Dak. 173, 29 N. W. 7; *Craig v. State*, 49 Ohio St. 415, 30 N. E. 1120, 16 L. R. A. 358; 14 Cent. Digest, 1230, 1238.)

No value need to be alleged in larceny from a person, as this is an offense which is entirely separate and distinct from the ordinary larceny, and as the value has nothing to do with the punishment of the crime, it is not necessary to allege the same in the indictment. (*Shaw v. State*, 23 Tex. App. 493, 5 S. W. 317; *State v. Weber*, 156 Mo. 257, 56 S. W. 893; Bishop, Statutory Crimes, sec. 427; McClain, Crim. Law, sec. 575; *Brown v. State*, 34 Neb. 448, 51 N. W. 1028; *Stevens v. State*, 19 Neb. 647, 28 N. W. 304.)

However, were this not the case, the fact that the information does not state a cause of action, or does not fall within the jurisdiction of this court, could not be raised for the first time here, but it must be raised as provided by secs. 7742 and 7750. (*State v. Hinckley*, 4 Ida. 490, 42 Pac. 510; *In re Alcorn*, 7 Ida. 101, 60 Pac. 561.)

Chas. Clifton, and J. Nat Hudson, for Petitioner.

The defendant cannot waive a constitutional right. (*Hill v. People,* 16 Mich. 351; *Jennings v. State,* 134 Wis. 307, 14 N. W. 492, 14 L. R. A., N. S., 862, and cases there cited; *State v. Maine,* 27 Conn. 281; *State v. Lightfoot,* 107 Ia. 351, 78 N. W. 41; *State v. Rea,* 126 Ia. 65, 101 N. W. 507; *Neales v. State,* 10 Mo. 498.)

It is against public policy to allow one charged with a felony to waive a jury trial. (*State v. Thompson,* 104 La. 167, 28 So. 882; *State v. Jackson,* 106 La. 189, 30 So. 309; *State v. Lockwood,* 43 Wis. 403.)

The laws of Idaho do not make the stealing of a watch and chain larceny *per se.* It is otherwise when the property taken is a horse, cow, sheep, etc. In the latter case it is not necessary to allege value. In this case an allegation of value was necessary in the information. (*Davis v. State,* 40 Ga. 231; *Sheppard v. State,* 1 Tex. App. 522; *Howell v. People,* 2 Hill (N. Y.), 281; *Powers v. People,* 4 Johns. 292; *Sheppard v. State,* 42 Ala. 531; *Commonwealth v. Riggs,* 14 Gray (Mass.), 376, 77 Am. Dec. 333; *Hope v. Commonwealth,* 9 Met. (Mass.) 134; 2 Hale P. C. 182; 3 Chit. Crim. Law, 4th Am. ed., 947a.)

STEWART, C. J.—This is an original application in this court for a writ of *habeas corpus.*

On the 22d day of March, 1911, the prosecuting attorney of Lincoln county filed an information in the district court charging one William Murray and the petitioner, James Dawson, with the crime of grand larceny. The charging part of the information reads as follows:

"The said William Murray and James Dawson, on or about the 18th day of March, 1911, at Shoshone, in the county of Lincoln, state of Idaho, did wilfully and unlawfully and feloniously steal, take and carry away one watch and chain from the possession and person of S. C. Frost, the said watch and chain then and there being the personal property of the said S. C. Frost; and the said defendants did then and there wilfully, unlawfully and feloniously steal, take and carry

away the said watch and chain from the possession and person of the said S. C. Frost against the will and consent of the said S. C. Frost, etc.''

And upon such arraignment, and in answer to a question by the court, petitioner announced that he had no counsel, and the court thereupon appointed Harlan D. Heist as counsel for him, and the information was read to the petitioner and he was furnished with a copy of the same; and thereafter, on the 23d day of March, 1911, appeared in open court with his counsel, and after being informed by the court of the nature of the information filed against him, and being asked by the court what his plea was, the petitioner announced that he plead guilty to the crime charged in the information.

On March 24, 1911, the court rendered the following judgment:

''Whereas the said James Dawson, having been duly convicted in this court of the crime of grand larceny, it is therefore ordered, adjudged and decreed that the said James Dawson is guilty of grand larceny, and that he be punished by imprisonment in the penitentiary of the state of Idaho for a term of not less than one year or more than fourteen years, and to pay the costs of this prosecution.''

Two questions are presented for our consideration: First, did the district court have jurisdiction to commit the petitioner to the penitentiary upon his plea of guilty without a trial by jury? And second, does the information fail to charge a public offense in not alleging the value of the property taken?

It is claimed upon behalf of the petitioner that the action of the trial court in committing him to the penitentiary upon a plea of guilty was in violation of the provisions of sec. 7, art. 1 of the constitution of this state. This section reads as follows:

''The right of trial by jury shall remain inviolate but in civil actions three-fourths of the jury may render a verdict, and the legislature may provide that in all cases of misdemeanors five-sixths of the jury may render a verdict. A trial by jury may be waived in all criminal cases not amounting

to felony by the consent of both parties, expressed in open court, and in civil actions by the consent of the parties signified in such manner as may be prescribed by law. In civil actions and cases of misdemeanor the jury may consist of twelve or any number less than twelve upon which the parties may agree in open court.''

The particular portions of the section involved are ''the right of trial by jury shall remain inviolate. . . . . A trial by jury may be waived in all criminal cases not amounting to felony by the consent of both parties expressed in open court. . . . . '' It is the contention of the petitioner that this section of the constitution reserves absolutely the right to a trial by jury in all criminal cases except ''a trial by jury may be waived in all criminal cases not amounting to felony by the consent of both parties expressed in open court,'' and that such right is absolute and cannot be interfered with, abolished or impaired in any manner, except as expressed in this section, and that a defendant charged with a felony cannot waive this constitutional right, and that the court has no jurisdiction to impair or deny, modify or limit such right or impose a penalty upon a plea of guilty to a charge of felony.

The language used in sec. 7, art. 1 of the constitution was no doubt intended to preserve to the citizens of the state the right of trial by jury as it existed under the common law, and such right is retained in all cases which were triable by jury at common law, and limits the power of the court and of the citizens to a waiver of a jury only in the trial of criminal cases not amounting to a felony, and then only by consent of both parties expressed in open court.

In discussing this subject Mr. Cooley on Constitutional Limitations, 7th ed., p. 453, says: ''Accusations of criminal conduct are tried at common law by jury, and wherever a right to this trial is guaranteed by the constitution without qualification or restriction, it must be understood as retained in all those cases which are triable by jury at common law, and with all the common-law incidents to a jury trial so far, at least, as they can be regarded as tending to the protection of the accused.''

Opinion of the Court—Stewart, C. J.

The supreme court of the United States in the case of *Thompson v. Utah,* 170 U. S. 343, 18 Sup. Ct. 620, 42 L. ed. 1061, considers the question as to the right of trial by jury and says: ''Assuming, then, that the provisions of the constitution relating to trials for crimes and to criminal prosecutions apply to the territories of the United States the next inquiry is whether the jury referred to in the original constitution and in the sixth amendment is a jury constituted, as it was at common law, of twelve persons, neither more or less. (2 Hale P. C. 161; 1 Chit. Cr. Law, 505.) This question must be answered in the affirmative. When Magna Charta declared that no freeman should be deprived of life, etc., 'but by the judgment of his peers or by law of the land,' it referred to a trial by twelve jurors. Those who emigrated to this country from England brought with them this great privilege 'as their birthright and inheritance, as a part of that admirable common law which had fenced around and interposed barriers on every side against the approaches of arbitrary power.' (2 Story, Const., sec. 1779.) In Bac. Abr., tit. 'Juries,' it is said: 'The trial *per pais,* or by jury of one's country, is justly esteemed one of the principal excellencies of our constitution; for what greater security can any person have in life, liberty, or estate than to be sure of not being devested of, or injured in, any of these, without the sense and verdict of twelve honest and impartial men of his neighborhood? And hence we find the common law herein confirmed by Magna Charta.' So, in 1 Hale P. C. 33: 'The law of England hath afforded the best method of trial that is possible, of this and all other matter of fact, namely, by a jury of twelve men, all concurring in the same judgment, by the testimony of witnesses *viva voce,* in the presence of the judge and jury, and by the inspection and direction of the judge.' It must consequently be taken that the word 'jury' and the words 'trial by jury' were placed in the constitution of the United States with reference to the meaning affixed to them in the law as it was in this country and in England at the time of the adoption of that instrument.''

This question is clearly stated by the court of New Hampshire in the case of *State v. Almy*, 67 N. H. 274, 28 Atl. 372, 22 L. R. A. 744, as follows:

" 'Trial by jury,' in article 16 of the Bill of Rights, is common-law language, used in its common-law sense. It means trial by 12 men, who return their unanimous verdict 'upon the issue submitted to them.' But while the right of everyone to have his cause tried, or to be tried himself, if accused of crime, by a jury, is guaranteed and established beyond the power of the legislature to abridge it, the constitution does not compel anyone to exercise the right thus secured, and there is no reason whatever to suppose that its makers designed to repeal or alter the moss-grown rule of the common law 'by which a party indicted for an offense, however grave its nature, may enter a plea of guilty thereto, if he sees fit so to ·do,' or the other no less well-established rule that 'in such a case there is no issue to be submitted to a jury on which a verdict can be founded.' 'The trial by jury, secured to the subject by the constitution, is a trial according to the course of the common law, and the same, in substance, as that which was in use when the constitution was formed.' (*East Kingston v. Towle*, 48 N. H. 64, [97 Am. Dec. 575, 2 Am. Rep. 174].) "

If, then, the right of trial by jury is reserved to the citizens of the state under this provision of the constitution, it is such right of trial as was provided for and permitted under the common law, and under the common law the right of trial by jury existed in cases where the plea of the accused presented an issue triable before a jury.

The court of appeals of the sixth circuit, in *West v. Gammon*, 98 Fed. 428, 39 C. C. A. 273, announces the law as follows:

"Should the accused see fit to plead guilty, and thus raise no issue, there was no necessity for a trial. The accused, by the plea of guilty, eliminated all issues of fact, and left nothing to be submitted to a jury. Had he denied his guilt, he would have had a right to have had that issue determined by a competent jury of 12 men. This was not the only method

in which a conviction could be had. A conviction of crime may be had in two ways,—either by the verdict of a jury, or by the confession of the accused in open court, which is the highest conviction. (Clark, Cr. Proc., p. 372, and note.) The supreme court of New Hampshire had occasion to consider this question in a case arising in that state under a statute which permitted a person to plead guilty of murder, leaving the court to determine the degree of the crime. The constitution of that state guaranteed to the accused a right to trial by jury, and it was claimed that in no other way could his guilt be ascertained. In a learned opinion by Judge Blodgett, the subject was very thoroughly canvassed. (*State v. Almy*, 67 N. H. 274, 28 Atl. 372, [22 L. R. A. 744].) The judge says:

" 'In criminal proceedings, a confession of the offense by the party charged, by a plea of guilty, is the highest kind of conviction of which the case admits (2 Hawk. P. C., c. 31, sec. 1; 2 Hale P. C. 225; 4 Bl. Comm. 362), and subjects him to precisely the same punishment as if he were tried and found guilty by verdict (1 Archb. Cr. Prac. & Pl. 110). And the effect of a confession being to supply the want of evidence (*Rex v. Hall*, 1 Term R. 320), it is an admission of every material fact well pleaded in the indictment, and authorizes the court having jurisdiction of the offense to proceed to judgment. (4 Bl. Comm. 329; 1 Chit. Cr. Law, 429; 1 Bish. Cr. Proc. 795.)' "

In *Green v. Commonwealth*, 12 Allen (Mass.), 167, the supreme court of Massachusetts says: "This explicit and unqualified enactment, which includes in its general language the crime of murder as well as all other offenses, recognizes the rule which has always been the rule of the common law, that a party may be convicted on his own plea and confession in court, and that in such cases the intervention of a jury to determine his guilt is not necessary."

Mr. Bishop, in his work on Criminal Procedure, vol. 1, sec. 795, discusses this question as follows: "Undoubtedly a prisoner of competent understanding, duly enlightened, has a right to plead guilty instead of denying the charge. Yet in

proportion to the gravity of the consequence the court should exercise caution in receiving this plea. Thus where one tendered it in a capital case the judges would not accept it until they had explained to him its serious nature, sent him back to his cell for reflection, brought him again into court, had the indictment read to him a second time, and examined witnesses as to his sanity, and whether or not promises of clemency had been made to him. These steps are not in form taken in all cases, but they illustrate an ever-present caution, and in some of the states there are varying statutory and other like devices to protect defendants from improvident pleas of guilty."

The statute of this state requires that an accused person when arraigned shall be advised of his constitutional and legal rights, and then provides for the pleas he may make. Rev. Codes, sec. 7755; "There are four kinds of pleas to an indictment. A plea of:

"1. Guilty;

"2. Not guilty;

"3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty;

"4. Once in jeopardy."

And sec. 7757 provides: "A plea of guilty can be put in by the defendant himself only in open court, unless upon indictment against a corporation, in which case it may be put in by counsel. . . . . Provided, that upon the application of the defendant, a plea of guilty may be received, and sentence may be passed, at chambers as provided in section 3890 of the Code of Civil Procedure."

It is also provided by sec. 13, art. 1 of the constitution that "in all criminal prosecutions, the party accused shall have the right to a speedy and public trial; . . . . and to appear and defend in person with counsel." It is also provided by statute, Rev. Codes, sec. 2086, that "Whenever upon the trial of a person in the district court, upon an information or indictment, it appears to the satisfaction of the court that the accused is poor and unable to procure the services of counsel,

the court may appoint counsel to conduct the defense of the accused, for which service such counsel must be paid out of the county treasury, upon order of the judge of the court.''

It will thus be seen that, under the constitution and laws of this state, a person charged with a crime is given time and opportunity to deliberate, and consult and advise with counsel before he is required to plead to an indictment or information charging him with a crime, and these various provisions have no doubt been made in view of the fact that a defendant charged with a felony may be convicted upon a plea of guilty, in which case there is no issue to try and the provisions of sec. 7, art. 1 of the constitution do not apply.

In the case at bar the record shows that upon arraignment the accused was advised by the court of the nature of the information filed against him, and appointed him counsel for his advice and assistance, and after counsel had been appointed, and being present with the accused, and the accused being informed of the nature of the charge against him, in answer to the question as to his plea, entered a plea of guilty of the crime as charged in the information. Thus the defendant, by such plea, presented no issue for trial, and a conviction was established by his own admission, and subjected him to the punishment prescribed by the statute the same as though he had been tried and convicted by a jury, and there was no waiver of a jury trial and the accused was not denied a jury trial upon any issue as contemplated by the provisions of the constitution.

We think the authorities all hold that "trial," as used in sec. 7, art. 1 of the constitution, means an issue of fact, that is, an issue of fact presented by the plea of the accused, in which case, if the offense charged be a felony, a jury cannot be waived, and the court is without jurisdiction to try such issue of fact, and there can be no conviction except upon trial by jury. But, on the other hand, where an accused, with full knowledge of his constitutional right, enters a plea of guilty, and presents no issue of fact for trial, there can be no trial, and the conviction is the accused's admission, and takes the place of a verdict of a jury.

Sec. 7 of art. 1 of the constitution of California is prac-
tically the same as sec. 7 of art. 1 of the constitution of this
state, and the particular language of the California constitu-
tion is as follows: .

"Sec. 1.    The right of trial by jury shall be secured to all
and remain inviolate. . . . . A trial by jury may be waived
in criminal cases not amounting to felony, by the consent of
both parties expressed in open court."

In the case of *People v. Noll*, 20 Cal. 164, the supreme court
of California had under consideration the provisions of the
constitution of California, and held: "The proceeding to de-
termine the degree of the crime of murder, after a plea of
guilty, is not a trial. No issue was joined upon which there
could be a trial. There is no provision of the constitution, or
of any statute, which prevents a defendant from pleading
guilty instead of having a trial by jury. · If he elected to
plead guilty to the indictment, the provision of the statute
for determining the degree of the guilt for the purpose of
fixing the punishment does not deprive him of any right of
trial by jury." In the case of *People v. Lennox*, 67 Cal. 113,
7 Pac. 260, the court in discussing this question approves the
case of *People v. Noll, supra,* in the following language: "The
point that the defendant could not, by pleading guilty, waive
a trial by jury, is announced adversely to him by the decision
in *People v. Noll*, 20 Cal. 164."

Counsel for petitioner cite a number of cases, holding in
effect that the defendant in a criminal action cannot waive
a constitutional right intended for his protection, among which
are the following cases: *Hill v. People*, 16 Mich. 351; *Jennings
v. State*, 134 Wis. 307, 114 N. W. 492, 14 L. R. A., N. S., 862;
*State v. Maine*, 27 Conn. 281; *State v. Carman*, 63 Iowa, 130,
50 Am. Rep. 741, 18 N. W. 691; *State v. Thompson*, 104 La.
167, 28 So. 882; *State v. Jackson*, 106 La. 189, 30 So. 309;
*State v. Lockwood*, 43 Wis. 403; *State v. Simons*, 61 Kan. 752,
60 Pac. 1052; *People v. Smith*, 9 Mich. 193; *Williams v. State*,
12 Ohio St. 622. But an examination of these cases shows
that they are clearly distinguishable from the case at bar. In
all such cases it appears that the accused presented an issue,

and that there was a trial, and that the alleged constitutional right of the accused was waived during the trial. In other words, in each of these cases the accused presented an issue for trial and the questions arose during such trial. But none of the cases hold that, where there is a plea of guilty and no issue of fact is presented, there is a trial as contemplated by the common law, or under any constitutional or statutory provision similar to the constitution of this state. Had the accused in this case plead not guilty, or presented some issue for trial, then the principle announced in the cases above referred to would have been applicable. But, under the plea made by the accused in this case, the principle of law announced in the opinions cited have no application whatever to the question involved in this case.

We are of the opinion, therefore, that the plea of guilty in this case was a sufficient conviction of the accused, and that the court had jurisdiction to impose the penalty prescribed by the statute for the offense charged.

The second question as to whether the information stated a public offense in that the value of the property taken is not alleged is answered by the statute and requires no extended discussion. Rev. Codes, sec. 7742, provides:

"The defendant may demur to the indictment when it appears upon the face thereof, either:

"1. That the grand jury by which it was found had no legal authority to inquire into the offense charged, by reason of its not being within the legal jurisdiction of the county.

"2. That it does not substantially conform to the requirements of sections 7677, 7678 and 7679.

"3. That more than one offense is charged in the indictment.

"4. That the facts stated do not constitute a public offense.

"5. That the indictment contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."

The sufficiency of the information filed in this case could have been tested by the petitioner by filing a demurrer upon the ground that the facts stated do not constitute a public

offense. The petitioner waived this right. Sec. 7750, Rev. Codes, provides: "When the objections declared grounds of demurrer by this chapter appear upon the face of the indictment, they can only be taken by demurrer, except that the objections to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a public offense, may be taken at the trial under the plea of not guilty, or after the trial in arrest of judgment."

Whether, therefore, it was necessary to allege in the information the value of the property taken from the person was a question which goes to the sufficiency of the information. It was a question of the sufficiency of the pleading on the part of the prosecution, and is not a question of jurisdiction, and the only manner in which such question can be raised was by demurrer to the information, at the trial under the plea of not guilty, or after the trial in arrest of judgment. (*State v. Hinckley,* 4 Ida. 490, 42 Pac. 510; *In re Alcorn,* 7 Ida. 101, 60 Pac. 561.)

We find no reason in the record of this case for the discharge of the petitioner. The writ is therefore quashed and the petitioner remanded to the custody of the warden of the state penitentiary.

Ailshie, J., and Sullivan, J., concur.