In re JOHN H. BOTTJER.

[260 Pac. 1095.]

CRIMINAL LAW — HABEAS CORPUS — INDICTMENT AND INFORMATION — PROBATE COURT PROCEEDINGS—DEFECTS WAIVED WHERE—VIOLATION OF EMBEZZLEMENT STATUTE—CONSTITUTIONAL LAW—STATUTE NOT CLASS LEGISLATION—SINGLE SENTENCE HELD PROPER.

1. Where complaint was filed in probate court charging petitioner with embezzlement, preliminary examination was waived, and petitioner pleaded guilty to information filed in the district court, defects in proceedings in probate court were waived, where petitioner filed no motion to quash, demurrer or in arrest of judgment, under C. S., secs. 8870, 8878, and only attack made on proceedings was in application for writ of habeas corpus.

2. Where no motion to quash information or in arrest of judgment was made, under C. S., secs. 8878, 9019, information sufficient to charge embezzlement under section 5279, a crime over which

court had jurisdiction, was not vulnerable to attack by *habeas corpus*, on ground that it did not allege an offense under such statute, because it did not charge with "intent to injure or defraud the bank."

3. C. S., sec. 5279, defining embezzlement from banks, and applying to all persons following occupation of banking, is not class legislation, as singling out bankers as a particular class.

4. Though information under C. S., sec. 5279, contained three counts, since under secs. 8812, 8829, but one offense could be charged therein, defendant's plea of guilty applied to but one offense, and, under section 5279, a single sentence could be pronounced, and sentence to five to twenty years on each of other two counts was surplusage and void, under section 9035.

APPLICATION of John H. Bottjer for a Writ of Habeas Corpus. *Writ quashed and petitioner remanded.*

A. H. Oversmith and Wm. M. Morgan, for Petitioner.

An information filed in the district court can contain only one offense. (C. S., sec. 8829; *People v. Bailey*, 23 Cal. 577; *People v. Alibez*, 49 Cal. 452; *People v. Plath*, 166 Cal. 227, 135 Pac. 954; *State v. Bilboa*, 33 Ida. 129, 190 Pac. 248; *State v. Gutke*, 25 Ida. 737, 139 Pac. 346.)

If it was the intent of the prosecutor to charge petitioner with the commission of a crime as defined in C. S., sec. 5279, the information as filed in the district court was insufficient, because the act charged is not distinctly set forth in such language so as to enable a person of common under-

Publisher's Note.
2. Scope of review on *habeas corpus*, see note in 87 Am. St. 169. *Habeas corpus* to test indictment or information, see note in L. R. A. 1918B, 1156. See, also, 12 R. C. L. 1190, 1202.
4. Effect of excessive sentence, see notes in 45 L. R. A. 137; 51 L. R. A., N. S., 373. See, also, 8 R. C. L. 238.

See Constitutional Law, 12 C. J., sec. 873, p. 1141, n. 55.
Criminal Law, 16 C. J., sec. 3093, p. 1312, n. 86.
Habeas Corpus, 29 C. J., sec. 34, p. 42, n. 33.
Indictments and Informations, 31 C. J., sec. 320, p. 757, n. 77; sec. 531, p. 871, n. 31.

standing to know what was intended, nor is the act charged set forth with such degree of certainty as to enable the court to pronounce judgment upon conviction, according to the right of the case. (C. S., secs. 8825, 8834.)

The provisions of C. S., sec. 5279, are unconstitutional, void and class legislation. (Const., art. 3, sec. 19, subd. 2; *State v. Williams,* 32 S. C. 123, 10 S. E. 876; *Brown v. Alabama G. S. R. Co.,* 87 Ala. 370, 6 So. 295; *Ragio v. State,* 86 Tenn. 272, 6 S. W. 401; *State v. Garbroski,* 111 Iowa, 496, 82 Am. St. 524, 82 N. W. 959, 56 L. R. A. 570; *In re Jacobs,* 98 N. Y. 98, 50 Am. Rep. 636; *State v. Savage,* 96 Or. 53, 184 Pac. 567, 189 Pac. 427; *Ex parte Brady,* 65 Cal. App. 345, 224 Pac. 252.)

Information filed in the district court fails to allege an offense, under the provisions of C. S., sec. 5279, for the reason that there is omitted therefrom an essential element of the crime, namely, embezzlement "with intent to injure or defraud the bank," and petitioner is entitled to his discharge on a writ of *habeas corpus.* (*Ex parte Rickey,* 31 Nev. 82, 135 Am. St. 651, 100 Pac. 134; *Ex parte Dickson,* 36 Nev. 94, 133 Pac. 393; *State v. Levy,* 119 Mo. 434, 24 S. W. 1026; *Ex parte Harris,* 8 Okl. Cr. 397, 128 Pac. 156; 12 R. C. L. 1190; *People v. Bartnett,* 15 Cal. App. 89, 113 Pac. 879; *Merchant v. State,* 12 Okl. Cr. 360, 157 Pac. 272; *City of Astoria v. Malone,* 87 Or. 88, 169 Pac. 749; *Williams v. State,* 11 Okl. Cr. 628, 150 Pac. 90.)

Under a plea of guilty the jurisdiction of the court to pronounce sentence is limited to the penalty prescribed for the crime alleged in the information. (*Ex parte Dickson, supra.*)

The entire record of the case at bar shows that petitioner is now being deprived of his liberty "without due process of law," and contrary to the constitution of Idaho. "Due process of law" is synonymous with "law of the land." (Const., sec. 13, art. 1; 3 Words & Phrases, pp. 2227–2256; Words & Phrases, 2d series, pp. 167–181; *Reed v. Commonwealth,* 138 Ky. 568, 128 S. W. 874; *In re Francis,* 136 Fed.

912; *In re Lowrie*, 8 Colo. 499, 54 Am. Rep. 558, 9 Pac. 489; *Crain v. United States*, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. ed. 1097; *State v. Crawford*, 32 Ida. 165, 179 Pac. 511; *State v. Smith*, 25 Ida. 541, 138 Pac. 1107; *Polk v. State* (Okl.), 224 Pac. 194; *In re Durbon*, 10 Mont. 147, 25 Pac. 442; *Hovey v. Elliott*, 145 N. Y. 126, 39 N. E. 841, 39 L. R. A. 449 and note.)

Frank L. Stephan, Attorney General, and H. O. Mc-Dougall and Leon M. Fisk, Assistant Attorneys General, for Respondent.

Duplicity in criminal pleading is an irregularity which is not of so fundamental a character as to deprive the court of jurisdiction, and unless advantage thereof is taken as provided by statute the defect is waived. (*State v. Bilboa*, 33 Ida. 128, 190 Pac. 248; *People v. Nash*, 1 Ida. 206; C. S., secs. 8870–8878; *Connella v. Haskell*, 158 Fed. 285.)

In *habeas corpus* proceedings the court has no authority to go back of the commitment or process on which petitioner is held and examine the sufficiency of the complaint upon which petitioner is held or the validity or regularity of the warrant issued thereon. Such errors can only be reviewed on appeal. Failure to object to sufficiency of complaint as prescribed by statute waives the defect. (*In re Dawson*, 20 Ida. 178, 117 Pac. 696, 35 L. R. A., N. S., 1146; *In re Davis*, 23 Ida. 473, 130 Pac. 786; *State v. Hinckley*, 4 Ida. 490, 42 Pac. 510; *In re Alcorn*, 7 Ida. 101, 60 Pac. 561; C. S., secs. 8870–8878.)

Where the court rendering judgment is one of general jurisdiction, *habeas corpus* will not lie unless the lack of jurisdiction appears on the face of the record. The determination of whether or not particular acts constitute a specific offense is an exercise of jurisdiction, and if the court has general jurisdiction of that class of offenses, error in its determination cannot be corrected by *habeas corpus*. (*In re Knudtson*, 10 Ida. 676, 79 Pac. 641; *In re Drennan*, 33 Cal. App. 193, 164 Pac. 807; *In re Heigho*, 18 Ida. 566, Ann. Cas. 1912A, 138, 110 Pac. 1029, 32 L. R. A., N. S., 877;

*In re Gregory,* 219 U. S. 210, 31 Sup. Ct. 143, 55 L. ed. 184; *Rehyn v. McDonald,* 82 Neb. 552, 118 N. W. 136; C. S., sec. 8609.)

A law is not a special or local law within the meaning of the constitution if its provisions operate upon all persons and subjects in like situations, and C. S., sec. 5279, complies with this rule and is therefore a general law not controlled by the provisions of sec. 19 of art. 3 of the constitution. (*Jones v. Power County,* 27 Ida. 656, 150 Pac. 35; *Gillesby v. Commissioners of Canyon Co.,* 17 Ida. 586, 107 Pac. 71; *Robertson v. People,* 20 Colo. 279, 38 Pac. 326; *Imboden v. People,* 40 Colo. 142, 90 Pac. 608; *In re Finley,* 1 Cal. App. 198, 81 Pac. 1041; *In re Martin,* 157 Cal. 51, 106 Pac. 235, 26 L. R. A., N. S., 242.)

Punishment in excess of the power of the court to impose is void only as to the excess, and is valid to the extent that the court had power to impose under the statute under which the party is convicted. (*In re Chase,* 18 Ida. 561, 110 Pac. 1036; *In re Setters,* 23 Ida. 270, 128 Pac. 1111; *In re Erickson,* 44 Ida. 713, 260 Pac. 160.)

GIVENS, J.—A criminal complaint was filed against petitioner in the probate court charging him with embezzlement stated as three separate offenses. Preliminary examination was waived, and after being bound over to the district court, without being represented by counsel, petitioner plead guilty to the information filed, and the court pronounced an indeterminate sentence of from five to twenty years upon each of the three separate counts in the information.

The petition charges some twenty-three defects which may be grouped under the following heads:

1. Defects in the proceedings in the probate court.
2. Defects in the information filed in the district court.
3. The unconstitutionality of C. S., sec. 5279.
4. Defects in the judgment of the district court.

[1] The points raised by the petitioner relative to the defects in the proceedings before the probate court and in the district court were waived, no motion to quash, de-

murrer or motion in arrest of judgment having been filed, and the petitioner's first and only attack made upon the proceedings being in the application for the writ herein. (*State v. Bilboa*, 33 Ida. 128, 190 Pac. 248; *In re Davis*, 23 Ida. 473, 130 Pac. 786; *In re Dawson*, 20 Ida. 178, 117 Pac. 696, 35 L. R. A., N. S., 1146; *In re Alcorn*, 7 Ida. 101, 60 Pac. 561; *State v. Hinckley*, 4 Ida. 490, 42 Pac. 510; C. S., secs. 8870–8878.)

[2] Petitioner contends that the information fails to allege an offense under C. S., sec. 5279, for the reason that it did not charge "with intent to injure or defraud the bank."

Whether by conclusion or otherwise the information did in fact charge embezzlement, and it is evident from all the allegations of the information that it was the pleader's intent to charge a violation of sec. 5279, a crime over which the court had jurisdiction; hence the information is not vulnerable to attack by *habeas corpus*. (C. S., secs. 8878, 9019; *In re Dawson, supra; Ex parte Webb*, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. ed. 1248; *Connella v. Haskell*, 158 Fed. 285; *Ex parte Kaster*, 52 Cal. App. 454, 198 Pac. 1029; *In re Robinson*, 73 Fla. 1068, 75 So. 604, L. R. A. 1918B, 1148; *Jackson v. State*, 71 Fla. 342, 71 So. 332; *Bopp v. Clark*, 165 Iowa, 697, Ann. Cas. 1916E, 417, 147 N. W. 172, 52 L. R. A., N. S., 493; 13 Cal. Jur. 232, 233, sec. 14, n. 9; 29 C. J., 41, sec. 34, n. 33.)

[3] Petitioner urges that the provisions of C. S., sec. 5279, are unconstitutional for the reason that it singles out bankers as a particular class and is class legislation. C. S., sec. 5279, while pertaining to bankers, operates upon all such in like circumstances with equality. As said in *Jones v. Power County*, 27 Ida. 656, 150 Pac. 35:

"A statute is general if its terms apply to, and its provisions operate upon all persons and subject matters in like situation."

Applying this rule, the supreme court of Colorado, in a situation identical with that herein, said:

"The argument is that the act in question, by making the inhibited acts a crime only as to bankers, is class legislation and renders them amenable to punishment for acts that may be done by others with impunity, and hence deprives them of their liberty without due process of law, or without the sanction of the law of the land. We think this claim is fallacious, that the act is not within the class of legislation inhibited by these provisions of the constitution. It is, in a sense, class legislation but not in the invidious sense that renders it obnoxious to the objections urged here. The law of the land is said to mean a law binding upon every member of the community under similar circumstances (*Wally's Heirs v. Kennedy,* 2 Yerg. (Tenn.) 554, 24 Am. Dec. 511) ; and when the law applies to all persons engaged in a certain occupation or business, and each one is, without distinction, amenable to its provisions solely because he pursues such occupation or business, it is then 'binding upon all persons of the community under similar circumstances.' Such legislation has uniformly been upheld." (*Robertson v. People,* 20 Colo. 279, 38 Pac. 326; *Imboden v. People,* 40 Colo. 142, 90 Pac. 608; *McClelland v. City of Denver,* 36 Colo. 486, 10 Ann. Cas. 1014, 86 Pac. 126.)

This section, applying equally to all persons following the occupation of banking, is not such class legislation as to make the statute unconstitutional.

[4] But one offense may be charged in one information. (C. S., secs. 8812–8829.) One offense was set forth in the information under consideration. Petitioner could plead guilty to but one offense and but one sentence of from five to twenty years was proper under C. S., sec. 5279, which the court had jurisdiction to pronounce. Any further attempted sentence was surplusage and void. (C. S., sec. 9035; *In re Erickson,* 44 Ida. 713, 260 Pac. 160, filed September 22, 1927; *In re Chase,* 18 Ida. 561, 110 Pac. 1036; *Ex parte Tani,* 29 Nev. 385, 91 Pac. 137, 13 L. R. A., N. S., 518; *Ex parte Cica,* 18 N. M. 452, 137 Pac. 598, 51 L. R. A., N. S., 373.)

The writ is quashed and the petitioner is remanded to the custody of the warden of the penitentiary.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.